Buixakd, J.
delivered the opinion of the court.
The facts which are shown by undoubted evidence in the present ease are, that Stetson and Avery having obtained a judgment against Gurney, a cotton broker, levied an execution upon a sum of $8,000, standing to the credit of their debtor in the Canal Bank. Kobertson, of Mobile, alleging that the fund belonged to him, took a rule on the plaintiffs to show cause why the seizure should not be set aside and the money returned to him. It appears that Robertson had confided to Gurney, as a broker, a sum of $350,000, to be [165] invested in cotton, a part of that amount was deposited by Gurney, in the Merchant’s Bank, to wit, $50,000 to his credit as agent. That amount was soon drawn out and his deposit was made, as it appears by his bank book, on the 13th of November. On the following day, Gurney deposited in his own name, in tbe Canal Bank, ten thousand dollars, in city notes, and in the course of the month he made deposits amounting in all to throe hundred and ten thousand dollars.
The district court being satisfied with the proof of the identity of the money gave judgment against the seizing creditors, and released it from seizure except for the estimated amount of the broker’s commissions; and the plaintiffs appealed.
The counsel for Kobertson relies upon the principle well settled between principal and agent, that whenever the former can identify his property or its proceeds in the hands of his factor he is entitled to recover it; or to uso the language of'Judge Story in the case relied upon in 3 Mason’s Reports, “ Nothing is better settled at this present day than the doctrine that the principal is entitled to recover whenever he ean trace his own property and distinguish it or its proceeds from the mass of the property of the factor.” 3 Mason, 235.
The case above referred to was this: The plaintiff had consigned property for sale to Winslow, Ohanning & Oo., who sold it and took negotiable notes payable on time in their own names for the amount. Before the notes fell due, they failed and assigned their property to the defendants, as assignees for the benefit of their creditors, and among other property were the notes in question. The assignees received payment of the notes and the action was brought to recover the amount so raised, deducting commissions. The circuit court of the United States held that the commissions were entitled to recover. *103 ■Judge Story in pronouncing the opinion of the court made use of the language above quoted, and proceeded as follows: “If it (the property) [166] has been sold and notes taken in payment, and these can be specifically ascertained, they remain the proporty of the principal and he has a right to receive them, discharging at the same time any lien of the factor.” The judge afterwards remarks: “ Must not the instrument which merely evidences but does not extinguish the debt follow the nature of its principal? If the owner is entitled‘to the debt is he not entitled to that which was taken to evidence it? I meddle not with the fact that here there were negotiable instruments. If they had been negotiated and the money received by the factors in the course of business, they would have deserved a very different consideration.”
The same doctrine is laid down by Chancellor Kent, and he adds that “ the same rule applies to the case of a banker who fails possessed of his customer’s property. If it be distinguishable from his own, it does not pass to .his creditors, but may be reclaimed by the true owner, subject to the liens of the banker upon it.” 2 Kent’s Com. 624.
■ That these are the principles which govern the relations of consignor and factor or agent cannot be doubted. But we are of opinion that when money is confided to .an agent to be employed in purchases, the case -is quite different. Goods consigned are susceptible of being identified and distinguished from those of the factor. They remain the property of the consignor. The factor has no right to pledge them or to use them in any way for his own purposes. They may be followed and reclaimed in the hands of third persons. He has only a right to sell. But money, the mere representative of value, cannot be identified. When Bobertson confided a sum of money to Gurney to be employed in the purchase of cotton, the latter became indebted to him in that amount. The relation of debtor and creditor arose between them, not that of depositor and depositary. If Gurney had died or had become a declared insolvent, Bobertson would not have been recognized as a privileged creditor. The money was not destined to be kept and restored but to [161] be employed. In the case of Longbottom’s executors we held that money confided to an agent to be disbursed did not constitute a deposit. That the agent was bound to account for it but not to restore it; and that the article 3189 of the Code did not apply to such a case. 9 La. Bep. 44. If Gurney had lent a part of the sum in question to a friend and taken his note, and that note had gone into the hands of his syndics in the case of failure, we think it clear that Bobertson would not be entitled to recover it or its proceeds if paid to the syndics, and equally.clear that a debt due by Gurney to the borrower might be set up in compensation. When the money was placed in bank without any notice on the claims of Bobertson, it was not the identical money which the bank was bound to restore, it did not constitute in a legal sense a deposit.. If the bank had failed, any debt due by Gurney to it would have been an offset against his claim on the bank, and if the bank had been burned it would have remained the debtor of Gurney for the amount. On the other hand if Bobertson had' become the creditor of the bank *104 the latter could have had uo right to plead Gurney’s deposit of his money in compensation.
No adjudged case has been cited to satisfy us that money confided to an agent can be followed and reclaimed in the hands of third persons without notice. The case of the banker mentioned in the passage from 2 Kent’s Commentaries must have been one relating to commercial paper deposited for collection, and hot of money. To let in evidence of the identity of a sum of money under such circumstances, would open too wide a door to fraud and collusion. It was not in truth a sum of money which was seized, it was Gurney’s credit in the bank, or in other words a debt due to him by the bank, and if it be true that commissions were due him by Kobertson to be paid out of the same money, then the money of Kobertson was blended with his and oannot be identified.
[168] Gurney was admitted as a witness and a bill of exceptions taken. If the only objection to him was that he was the agent of Kobertson and interested to the amount of his commissions, he would be clearly admissible. The law is well settled on that point. But in this case the agent has an interest distinct from his commissions, and not growing out of his agency. He is a party to the record, and although not strictly a party to the rule, yet he has clearly an interest in retaining a control of the fund and saving himself from litigation with the present claimant. The court in our opinion erred in adniitting him as a witness.
The judgment of the district court is therefore reversed, and ours is that the rule be discharged with costs in both courts.