Stevens et al. *v.* Sawyer et al.

No privilege is allowed to editors, reporters, printers, or carriers employed in a newspaper
establishment, on the property of the establishment, for arrears of salaries or wages due
to them. Such persons are not comprehended in the terms " clerks, secretaries, or other
persons of that kind," used in sec. 6 of art. 3158 of the Civil Code, nor in sec. 5, of art. 3219,
nor sec. 5 of art. 3221.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J.
Emerson, for the appellants. *W. H. Hunt, Budd,* and *Redmond,* for the
intervenors. No counsel appeared for the defendants. The judgment of the
court was pronounced by

SLIDELL, J. The plaintiffs having obtained a judgment for $2,000, againt the
defendants, who were owners of the Tropic, a newspaper establishment in

---

New Orleans, took out a *fieri facias*, and sold the types, presses, materials, &c., of the establishment. The proceeds amounted to $2700. A number of persons employed in the establishment intervened, and claimed a privilege for what was due them for their services. These persons ,had acted in different capacities; one was editor, others reporters, carriers, or journeymen printers or compositors. Their claims of privilege having been accorded, the plaintiffs appealed.

It is urged by the appellants that the property of the debtor, is the common pledge of his creditors, C. C. 3150, and that privileges are to be allowed only when expressly granted by the Code. Ib. 3152. The position is correct, and the enquiry is, are the intervenors comprehended in the fair meaning of those articles of the Code allowing privileges to certain classes of persons. Article 3158 gives a privilege for their "salaries" to "clerks, secretaries, and other persons of that kind" in the french text—"les appointemens des commis, secrétaires et autres employés de ce genre." Art. 3219 speaks, with a partial change of phraseology, of the salaries of secretaries, clerks, and other *agents of that kind*," the french text being identical with the french text of the article previously quoted. Article 3221 speaks of "the salaries of clerks, secretaries, and others of that nature." See also art. 3181.

Looking to the ordinary signification of the terms, we are unable to say that the editor, reporter, carrier, or journeymen printers of a newspaper establishment, are either secretaries or clerks; nor does it apper to us that they are reasonably to be ranked as "persons of that kind," especially when the principle is kept in view that privileges are *stricti juris*, and are not to be allowed except when "expressly granted." It is certainly to be regretted that all persons who earn their bread by their daily labor have not been protected by the law; but if such were the intention of the legislator, can it be supposed that he would not have gone beyond the narrow designation of "clerks, secretaries, and persons of that sort." If the latitudinarian construction invoked by the intervenors is to be adopted in spito of the declared jealousy of the law with regard to privileges, it would be difficult to exclude any one who had rendered any sort of service from the pale of preference. If a journeyman printer in a newspaper establishment is a "clerk, secretary or person of that sort," the journeyman blacksmith is also "a clerk, secretary, or person of that sort"; and so of any other class of persons doing work, or giving their services to others.

In *Stetson v. Gurney*, 17 La. 162, a tow-boat company was refused a privilege for towage. "The court observed: "We have looked in vain for any provision in the Code by which the privilege claimed for it, can be supported. However strong may be the analogy between the services rendered by these claimants and those of pilots; and, however reasonable it might appear to us that they should enjoy the same privilege, we do not feel authorized to create it in their favor. Privileges are *stricti juris*, and cannot be extended by implication or analogy." In *Barbour v. Duncan*, 17 La. 442, the court refused a privilege to laborers employed in a saw-mill by the day or month.

We are of opinion, therefore, that the judgment must be reversed as to *Westerfield, Fuller, Henderson, Mungeon, Lee, Hull, Tisdale, Robertson, Robinson, Bannister, Stewart,* and *McCrea*, and the privilege claimed by them disallowed. The capacities in which they acted were as compositors, reporters, editor, and carrier,

STEVENS
v.
SAWYER.

*Knox's* claim cannot be disturbed. There was no timely assignment of errors, nor bill of exceptions, and no statement of evidence, so far as he is concerned.

It is therefore ordered, that the judgment of the District Court be reversed, so far as the interventions of *Westerfield, Fuller, Henderson, Mungeon, Lee, Hall, Tisdale, R. Robertson, G. Robinson, Bannister, Stewart & McCrea,* are concerned, and that the said interventions be rejected; that as respects the other appellees the judgment be affirmed; and that, after deducting the amount of the claims allowed by the court below and not rejected by this court, the appellants be entitled to the balance, they paying the costs of the appeal.