## W. R. LASSITER *v.* J. BUSSY.

A promissory note not transferred by endorsement and delivery in the usual mercantile mode, is subject to seizure, under the rule which governs the sale of movables not accompanied with delivery.

The doctrine of notice is not applicable to the sales of personal or movable property, and the creditors may seize and sell when there is no delivery of possession, although informed of an agreement to sell.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *W. A. Carpenter*, for plaintiff and appellant. *Todd & Brigham*, for defendant.

LAND, J. A promissory note made by *James Bell*, for the sum of $1,060 83, payable to the order of *Hansford Dean*, and by him, *endorsed in blank*, was placed in the hands of defendant, to indemnify the maker, *Bell*, as surety of *Dean*, on an injunction bond, and further, to indemnify him against a judicial mortgage for $500, on a tract of land purchased by *Bell* from *Dean*.

After the decision of the injunction suit, which was in favor of *Dean*, and which released the surety on the bond, *Dean* gave an order on defendant, for the note, to plaintiff, which defendant refused to act on, by a delivery of the note, and this suit was brought for its recovery.

*E. P. & J. H. Overby* and *Miltenberger & Co.*, *after the date of the order*, caused the note to be attached in the hands of defendant, by process of garnishment, founded on executions in the Sheriff's hands against *Dean*, and the question for decision is, whether the plaintiff, or these judgment creditors of *Dean*, are entitled to the note or its proceeds.

The note was in defendant's possession for the benefit of the surety, and *Dean* had no right to withdraw the note before the full performance of the contract of indemnity, and transfer it to a third person, without the consent of *Bell* ; and if defendant had delivered the note to plaintiff, he would have remained liable for it to *Bell*, for whose security he held it under a special agreement.

Although *Bell* was released on the injunction bond, it does not appear that the judicial mortgage on the land had been cancelled, and it cannot, therefore, be affirmed that defendant acted improperly in refusing to make delivery of the note to plaintiff.

A sale of personal or movable property not accompanied with delivery, but still in the possession of the seller, has no effect as to creditors, and the property may be seized and sold for their debts. C. C., Arts. 1917, 2241, 2457. And a promissory note, not transferred by endorsement and delivery in the usual mercantile mode, but by a collateral agreement, as in this case, is subject to the same

<div style="margin-left:margin">LASSITER<br>
v.<br>
BUSSY.</div>

rule; and delivery of possession to the buyer is necessary to perfect the sale, and to defeat the pursuit of creditors. The possession of *Bussy* was the possession of *Dean*, subject to the claims of the surety, *Bell*, and the note was, therefore, seized by the judgment creditors before a delivery to plaintiff.

We do not understand that the doctrine of notice is applicable to sales of personal or movable property, but that the creditor may seize and sell, *when there is no delivery of possession*, although informed of the *agreement to sell.* Notice of transfer given to the debtor does not affect the creditor's right to seize, when there is no delivery of the note.

The judgment is in favor of the creditors, and is correct.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.