### Thomas R. Hill, *v.* William A. Hanney & Co. et al.

The transfer of a draft, in order to be binding as regards third persons, must be made by delivery of such draft to the transferree, and notice, to the debtor, of the transfer.

The sale of personal property is void as to creditors, unless possession is given before they acquire rights on the same ; and if personal property be transferred by contract, but not delivered, it is liable in the hands of the obligor, to seizure and attachment in behalf of his creditors. This rule of law extends to the sale of a promissory note or bill of exchange.

Where the holder of a draft, having placed it in the hands of an agent for collection, transferred the receipt of such agent to a third person, and after such third person had notified the agent of the transfer, but before the delivery of the draft, or notice of transfer had been given to the debtor, the creditors of the holder brought a suit by attachment against the agents, and by process of garnishment caused the draft to be seized—*Held :* That the attachment must be maintained and the rights of the creditors, to an amount sufficient to satisfy their claim against the transferror, recognized as against the transferree.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Bonford, Singleton & Clack*, for plaintiff. *G. L. Bright*, for *Hanney & Co.* appellants. *Emerson & Huntington*, for *C. Yale, Jr. & Co.*

Land, J. The purpose of this suit is to determine the adverse claims of the plaintiff and the defendants, *W. A. Hanney & Co.*, to the proceeds of a draft in the hands of *W. L. Allen & Co.*

The facts of the case are these : *H. H. Beck* a resident of the State of Texas, and a member of the firm of *J. Cherry & Co.* domiciled out of this State, placed in the hands of *W. L. Allen & Co.* for collection a draft for the sum of eight hundred and fifty dollars, payable to the order of *Beck*, and drawn by *Andrew's & Co.* on *H. M. Summers & Co.* of this city. After leaving the draft with *Allen & Co.* for collection, *Beck* returned to the State of Texas, and there transferred to the plaintiff, *Thomas R. Hill*, the receipt for the draft, which he had taken from

his agents in this city. Thereupon the plaintiff gave notice to *Allen & Co.* by letter, of the transfer of the draft, and that he was the owner and holder of the same. After the date of the transfer to the plaintiff, the defendants *W. A. Hanney & Co.* instituted suit by attachment against *J. Cherry & Co.* and by process of garnishment caused the draft to be seized or attached in the hands of *W. L. Allen & Co.* Since the commencement of the attachment suit, the draft has been collected by the garnishees, and the question to be determined upon the foregoing statement of facts, is whether the plaintiff is entitled to the proceeds by virtue of the transfer above mentioned, or whether the defendants are entitled to the same, or an amount thereof sufficient to satisfy their debt against *J. Cherry & Co.* of which firm *Beck* the payee of the draft is a member.

It is to be noted that *W. L. Allen & Co.* were the agents of *Beck* for the collection of the draft, and that their possession was *Beck's* possession, and that the draft was attached in the hands of the garnishees, before its delivery to the plaintiff, the transferree, and before any notice of the transfer had been given to *Andrews & Co.* the debtors of the draft. The want of delivery to the transferree, and the want of notice of transfer to the debtors of the draft, are fatal to the plaintiff's pretentions. In the transfer of debts, rights or claims to a third person, the delivery takes place between the transferror and the transferree by the giving of the title, that is by delivering to him the evidence of the debt. But as regards third persons the delivery of the title is insufficient to invest the transferree with possession, and thereby perfect his right to the debt. The transferree is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place. C. C. Arts. 2612, 2613, 2457.

The law declares that the sale of personal property is void as to creditors, unless possession is given before they acquire rights on the same, and expressly declares, that if personal property be transferred by contract, but not delivered, it is liable, in the hands of the obligor, to seizure and attachment in behalf of his creditors. C. C. Arts. 1917, 2243. This rule of law governing the sale of personal effects has been held to extend to the sale of a promissory note not transferred by endorsement and delivery in the usual mercantile mode, but by a collateral agreement, as was done in this case. See *Lassiter* v. *Russy*, 14 An. 699. No distinction can be made between the sale of a promissory note and a bill of exchange, and as the draft in question was attached before its delivery to the plaintiff and notice to the debtor, the attachment of *W. A. Hanney & Co.* must be maintained, and their right to an amount of the proceeds, sufficient to satisfy their debt against *J. Cherry & Co.*, recognized as against the plaintiff. It does not appear from the record before us, that *W. A. Hanney & Co.* have as yet obtained judgment against *J. Cherry & Co.*, and we can only order that the proceeds of the draft remain in the hands of *W. L. Allen & Co.*, garnishees, subject to the decree that may be rendered in said suit.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed, that *W. L. Allen & Co.*, garnishees in the suit of *W. A. Hanney & Co.* v. *J. Cherry & Co.*, retain the proceeds of the draft attached, subject to the decree that may be rendered in said suit. It is further decreed, that the plaintiff and appellee pay the costs of this appeal.