| | |
|---|---|
| 33 | 973 |
| 46 | 1003 |
| 46 | 1042 |
| 46 | 1065 |

No. 7828.

JOHN C. WEEMS, JOHN S. RAINEY, SUBROGATED, VS. THE DELTA MOSS COMPANY.

An agent employed to solicit sales of the goods of a manufacturer, with a monthly salary and a commission on all sales effected by him, is not a clerk within the meaning of the law, in respect to the privilege for the payment of salaries.

A judgment, recognizing the privilege of a creditor, does not conclude other creditors in a *concurso* and only makes a *prima facie* case against them.

The pledgee may have possession through a third person, chosen by him and the pledgor.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor*, J.

*J. O. Nixon, Jr.*, for Plaintiff and Appellant:

First—Reichard's pledge is invalid because there was no actual delivery. 17 L. 185-428; 18 L. 453; 6 A. 516; 19 A. 368; 26 A. 185; C. C. 3162.

Second—He has no seizure because the description of the property is too vague to give any information as to what was seized.

Third—He lost any privilege under his *fi. fa.* by the failure to obtain a copy within twenty-four hours. C. P. 642.

Fourth—The privilege of defendant or a clerk is established by the judgment and concludes all parties 19 A. 143; 5 A. 401; 4 A. 135; 17 L. 205; 15 L. 59; 14 L. 459.

Fifth—That privilege is superior to that of a seizing creditor. 1 R. 443.

The validity and regularity of our *fi. fa.* cannot be attacked by Reichard who claims the proceeds of property sold under it. 2 A. 648; 3 A. 454; 16 A. 287; 21 A. 262-495; 22 A. 135; 23 A. 245; 24 A. 289-597; 28 A. 711; 29 A. 274.

*Leovy & Kruttschnitt* for Defendant Reichard, Appellee:

First—Defendant in rule is entitled to payment by preference over plaintiff in rule out of the fund in the sheriff's hands: (a) Because he was pledgee of the property sold to realize the fund. (b) Because, at the date of the sale, said property was held by the sheriff under a writ of fieri facias issued by said defendant in rule, and enjoying priority over the writ of plaintiff in rule.

Second—Plaintiff in rule is not entitled to a clerk's privilege on the fund in dispute for two reasons: (a) Because his judgment is not based upon a debt for salary as clerk. (b) Because the evidence of the alleged privilege was never recorded, as required by the laws in existence at the time when the rights of the various parties to the fund in dispute were fixed.

Third—Under said laws, a judgment was not even *prima facie* proof, *inter alios*, of the existence of a privilege recognized by it, because the question of privilege *vel non* as between debtor and creditor was then an entirely different one from the same question as between conflicting creditors.

Fourth—Under said laws, the question of privilege *vel non*, as between debtor and creditor, depended upon the nature of the debt; as between conflicting creditors it depended upon registry.

Fifth—Plaintiff in rule claims that defendant in rule has no claim under his fi. fa., because that fi. fa. was returned by the sheriff at its expiration, and because the clerk failed to send a copy to the sheriff within twenty-four hours as required by C. P. 642. To this claim, defendant in rule answers: (a) The premises upon which it is based are not true. (b) Even if they be true, defendant's rights are not affected, because the sale out of which the fund in dispute was realized took place during the seventy days when the original writs of both plaintiff in rule and defendant in rule were in full force. The rights of all parties to the proceeds of sale were fixed by that sale, and the action of the sheriff, in demanding and obtaining a copy of the writ, was wholly unnecessary. Paul Pont Traité des Hypothèques, p. 979, and numerous authorities cited. 13 An. 559; 8 An. 505; 32 An. 352. (c) The return of a fi. fa. upon its return day, does not operate a release of any seizure thereunder, unless the seizure be released by order of the party in whose favor it was made, or by order of court. 24 An. 164; R. S. 3416.

The opinion of the Court was delivered by

POCHÉ, J. In execution of a judgment in favor of plaintiff, all the property belonging to the Delta Moss Company, an insolvent corporation, was sold and realized the sum of $1465.

Plaintiff's claim to be paid from said proceeds the full amount of his judgment of $456 is resisted by Augustus Reichard, another judgment

creditor of the same defendant for $1500, who claims a preference over the proceeds, by reason of a pledge made to him by the defendant, of all the property, subsequently seized and sold, and by further reason of a priority of seizure of said property under a writ issued on his judgment, which writ had been enjoined by third parties, who had intervened in his suit for the purpose of arresting the execution of his judgment.

A. Mercier, the owner of the land on which the defendant's factory had been erected and on which the property seized was situated, also intervened, and set up the lessor's privilege for an unpaid balance of rent of $75.

The judgment of the lower court distributed the proceeds as follows:

1st. Allowing to A. Mercier, under the lessor's privilege, seventy-five dollars.

2d. Allowing to plaintiff the sum of sixty-eight dollars, realized by property seized under his writ only, and not covered by Reichard's seizure.

3d. Allowing the balance to Augustus Reichard under his judgment and pledge.

Plaintiff appeals and urges the reversal of the judgment on several grounds, which we shall consider seriatim:

1st. He relies on his judgment, which recognized his privilege on the defendant's property for the unpaid balance of his wages as clerk in the employ of the company, and contends that this judgment concludes all parties. The authorities which he quotes in support of this position, contain nothing more than the recognition of a familiar principle, under which such a judgment in the case of a concursus, is *prima facie* evidence in favor of the party holding it, and throws the burden of proof on the party contesting the validity and binding force of the judgment.

The privilege claimed by plaintiff, when tested by his own admission and by an extract from defendant's books, cannot be recognized by us, and was properly enjoined by the District Judge.

We find from that evidence that plaintiff was employed by defendant as a salesman, or agent to solicit sales of its moss, and that his compensation was a monthly salary of fifty dollars, and a commission on all sales effected by him, and that he was not a clerk within the meaning of the law, which secures by privilege the payment of the wages of that class of employees.

It follows, therefore, that the presumption of a privilege in his favor, as clerk, flowing from his judgment, is fully met and overcome by the evidence, and that he had no privileges as such on defendant's property.

He urges in the second place that Reichard had no privilege under the pledge which he set up, for want of delivery to him of the things pledged, as required by Art. 3162 of our Code.

The act of pledge, which was under the authentic form, recites that the property of the Moss Company, consisting of a building or factory, and numerous movable effects, fully enumerated, were put in the possession of Reichard by the president of the company, thereto fully authorized, and that by common consent, the property was placed in the possession of one G. D. Luce, who was constituted as the agent of Reichard, which trust was formally accepted by said Luce, who intervened in the act for such purpose.

It further appears that subsequently, this trustee having abandoned his position, the President and Reichard, after making a second list of the things pledged, selected another party, as the keeper or custodian of the property, and that the possession of the latter continued until the seizure of the property by the sheriff. Under the provision of Art. 3162, which allows the possession of the pledgee to be vested in a third person, agreed upon by the parties, we find that these transactions show such a possession in the pledgee as the law requires, even under a vigorous construction of its provisions.

The objection that the two custodians of the property pledged were employees of the company, has no force, and cannot destroy the effect of the delivery made to Reichard.

By its own act the company had lost the custody and control of its property, and any attempt on its part to dispose of the property thus pledged, to the prejudice of the act of pledge, could have been successfully and legally resisted by Reichard, the pledgee. Conger, Executor, vs. City of New Orleans, 32 An. 1250.

The pledge of Reichard was, therefore, properly recognized and enforced by the lower court.

We find no error in the judgment appealed from, and it is, therefore, affirmed with costs.