(78 South. 974)

No. 21559.

SALAUN v. CONSOLIDATED REALTY & MFG. CO., Limited.

(May 27, 1918.)

*(Syllabus by Editorial Staff.)*

MASTER AND SERVANT ☞82(2)—EMPLOYÉS AS PRIVILEGED CREDITORS—"CLERK"—"SECRETARY."

The general manager of a corporation, who, as such, superintended generally its operations, the foreman of its lumber yard and planing mill, and its supervisor of construction and draughtsman were not privileged creditors of the company under Rev. Civ. Code, art. 3252, which accords a privilege to debts due for wages of servants and the salaries of secretaries and clerks and other agents of that kind, since no one of the employés was a "clerk" or "secretary."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Clerk; Secretary.]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Walter Salaun against the Consolidated Realty & Manufacturing Company, Limited, wherein a receiver was appointed, and, he having filed his account, the Whitney Central National Bank, as assignee, filed opposition, asking to be placed on the account as a privilege creditor, as did Louis Ward on a claim of his own. From the judgment recognizing them only as ordinary creditors, opponents appeal. Affirmed.

James Barkley Rosser, Jr., of New Orleans, for appellant Louis Ward. Hall, Monroe & Lemann and Watts K. Leverich, all of New Orleans, for appellant Whitney Central Nat. Bank, assignee. Lazarus, Michel & Lazarus and Legier & Gleason, all of New Orleans, for appellee Meyer S. Dreifus, Receiver.

PROVOSTY, J. The receiver herein having filed the account of his administration, the Whitney Central National Bank, as assignee of the claim of George N. and Robert N. Templeman, filed opposition to same, asking to be placed on same as privilege creditor, and Louis Ward on a claim of his own did the same; and these opponents have appealed from a judgment recognizing them as only ordinary creditors.

The claims are for salaries. George Templeman was general manager. As such he superintended generally the operations of the company. Robert was foreman of the lumber yard and planing mill. Ward was supervisor of construction and draughtsman.

The privilege is claimed under article 3252, C. C., which accords a privilege to debts due for

"4. The wages of servants.
"5. The salaries of secretaries, clerks and other agents of that kind."

In Stevens v. Sawyer, 3 La. Ann. 428, it was held that the scope of this article does not extend to the editors, reporters, printers,

and carriers of a newspaper establishment. And in Lewis v. Patterson, 20 La. Ann. 294, that it does not extend to a foreman in a job printing office. And in Weems v. Delta Moss Co., 33 La. Ann. 973, that it does not extend to an agent soliciting the sale of goods at a fixed salary. While in Tete v. Lanaux, 45 La. Ann. 1343, 14 South. 241, a person employed at a fixed salary by a commission merchant "as a sugar broker" to sell all the products consigned to the employer, and also "to exert all his influence" to promote the interest of his employer, and to write all letters concerning the market, and to make out all account sales, was "a clerk in the ordinary acceptation of the term." A clerk was there defined to be "one who hires his services to an employer at a fixed price under a stipulation to do and perform some specific duty or labor which requires the exercise of skill." But that decision was made in connection with article 2007, C. C., reading, "All contracts for the hire of labor, skill and industry, without any distinction;" and the drift of the argument was to distinguish between a person so hired and a broker, so that while the definition given of a clerk might appear to be applicable to the instant case, the decision itself is not at all in point.

The dominating idea of the other decisions hereinabove referred to is that privileges are stricti juris, and that the employés there named are not clerks, secretaries, or other agents of that kind, within the ordinary meaning of those terms. And we must now hold the same of the kinds of employés in question in the present case. While the secretary of a corporation sometimes exercises the functions of manager (Hastings v. Brooklyn L. Ins. Co., 138 N. Y. 473, 34 N. E. 289; Hannover Nat. Bank v. American Dock Co., 75 Hun, 55, 26 N. Y. Supp. 1055), and, conversely, the manager may fulfill the duties of secretary; still, as ordinarily understood, the manager is not clerk or secretary, and

the clerk or secretary is not manager. Nor is the foreman of the yard either clerk or secretary. Nor, strictly speaking, is a supervisor of construction such.

Judgment affirmed.