PROVOSTY, J.
As we understand, all opposition to the demands of the notary and the appraiser for increase of their allowance has been abandoned.
The executor having placed the Citizens’ Bank & Trust Company upon his account as a preferred creditor for $838.57, by reason of a pledge which it claimed to have of a note upon which $1,213.11 had been collected by the executor, the Parker-Blake Company, Limited, and the George S. Humphreys Company filed oppositions, denying the existence of the pledge.
The decedent executed in favor of the Citizens’ Bank the following document:
“New Orleans, La., June 20, 1913.
“Citizens’ Bank & Trust Co. of Louisiana, New Orleans, La. — Gentlemen: To further secure the payment of my note for $1,500.00 dated this day, payable to your order six months after date, I hereby transfer, assign, set over, and deliver to you in pledge, and as collateral security, all my rights, title, interest, and equity in and to the following described mortgage notes:
“One mortgage note for $1,000.00, dated July 6, 1911, payable July 6, 1913, with interest at 7%.
“One mortgage note for $1,000.00, dated July 6, 1911, payable July 6, 1914, with interest at 7%.
“Said mortgage notes are now pledged to the Commercial National Bank of this city to secure my debt due to the said bank as follows:
“One note of $1,000.00 is pledged to secure my note of $900.00 due July 18, 1913.
“One note of $600.00 due July 15, 1913.
“The purpose and intent of these presents is to pledge to you said mortgage notes, or such equity or surplus as may remain thereof after my debt to the Commercial National Bank shall have been paid and liquidated in full.
“[Signed] Charles J. Bier.
“Witness: C. R. Dépré.”
The contention of opponents is that by this document the note itself is not purported to be pledged, but only the equity of the pledgor in the note, and that this equity, being an incorporeal right, could be actually delivered only by serving notice of the pledge on the maker of the note, and that such notice was not served, and that if the note itself is to be considered as having been sought to be made the subject of the pledge, the pledge was not complete, as the note was never actually delivered to the Citizens’ Bank, and as the Commercial Bank never agreed to hold it as agent of the Citizens’ Bank.
*725 [1,2] When the owner of a promissory note pledges it, he continues to he owner of it. C. O. art. 3166. The ownership is unmodified, except that he cannot compel the pledgee to return the note until the debt secured by the pledge has been paid. C. C. art. 3164. To say that this owner of the note owns the equity in the note or an equity in it, is merely a form of expression devoid of legal significance, except as expressing the idea that he owns the note subject to the right of the lessee to retain it, and to collect it and pay the secured debt out of the proceeds. When, therefore, Bier executed said document, he pledged the thing he had, and the thing he had was the note. He necessarily pledged it subject to the prior pledge in favor of the Commercial Bank.
[3] The question of whether the Commercial Bank agreed to hold the note as agent of the Citizens’ Bank, subsidiarily to its own pledge, depends upon what construction is to be put upon the conduct of the parties. The Citizens’ Bank, immediately after the execution of the said document of pledge, transmitted the document, together with a copy of it, to the Commercial Bank, requesting the latter bank to take cognizance of it, and, after having done so, to return the original, and this the Commercial Bank did. In February, 1914, the Commercial Bank becoming insistent upon the payment of the debt due it, which was of $360, and threatening to foreclose on the pledged note, the executor induced the Calcasieu National Bank of Lake Charles to consent to take up the $360 note due the Commercial Bank, with the pledged note securing it, and petitioned the court for authority to carry out this arrangement. He alleged in his petition that the equity in the note was pledged to the Citizens’ Bank. The court gave the authority; the collateral note to be held by the Calcasieu Bank “without prejudice to the right of any parties, and especially preserving the right of the Citizens’ Bank to the equity of the aforesaid note.” The note to the Commercial Bank was accordingly taken up by the Calcasieu Bank, with the collateral note attached, and thereafter the executor made his own note in favor of the Calcasieu Bank to take the place of that of the decedent. At the maturity of the collateral note, it was collected by the Calcasieu Bank, and its proceeds were turned over to the executor, less the debt due the Calcasieu Bank, for which the note had stood pledged.
The understanding of all parties evidently was that subsidiarily to its own pledge the Commercial Bank was to hold the note subject to the pledge of the Citizens’ Bank; that when the Calcasieu Bank succeeded to the Commercial Bank as holder of the pledged note, it did so on the same conditions. We do not think it was necessary that the Commercial Bank should have in express terms agreed to hold the note as agent of the Citizens’ Bank. Its tacit agreement was sufficient ; and there is nothing contrary to this in the cases of Succession of Lanaux, 46 La. Ann. 1036, 15 South. 708, 25 L. R. A. 577, Bank v. Janin, 46 La. Ann. 1001, 15 South. 471, Weems v. Delta Moss Co., 33 La. Ann. 973, and Jacquet v. His Creditors, 38 La. Ann. 866, cited by opponent.
[4] The note was in negotiable form, and therefore could be pledged by mere delivery, without the necessity of notice to the maker.
Whether the margin between a note so pledged and the debt in security of which it stands pledged, or, in other words, the equity of the owner in such a pledged note, may be pledged to a third person without delivery of the note, but by mere notice to the first pledgee, or to the maker of the note, or to both, is a question not necessary to be considered.
The judgment appealed from is set aside, in so far as it dismissed the opposition of W. T. Barry, appraiser; the said opposition *727 is now sustained; the amount of $35 allowed the said opponent in the account of the executor is increased to $116; and the said judgment is in all other respects affirmed. The opponents, Parker-Blake Company, Limited, and George S. Humphreys Company, to pay the costs of this appeal.
MONROE, C. J., takes no part.