## MULLEN v. E. D. GREEN REALTY CO., Inc. (BIGGERS, Intervener).

### No. 4529.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

Foster, Hall, Barret & Smith, of Shreveport, for appellant.

Dimick & Hamilton, of Shreveport, for appellee.

DREW, Judge.

E. D. Green Realty Company, Inc., was the owner of four mortgage notes, signed and executed by Mary Waterman Evans, three of which were in the sum of $300 each, and one note for $475. On the 5th day of August, 1929, it pledged the above notes to the Texas Lumber Company, Inc., as security for its note in the sum of $772.71 held by said Texas Lumber Company, Inc.

On September 19, 1931, by notarial act, E. D. Green Realty Company, Inc., transferred, set over, and assigned unto K. S. Biggers the four notes held by the Texas Lumber Company, Inc., as pledgee.

On October 10, 1931, Mrs. Eloise Bennett Mullen secured judgment against the E. D. Green Realty Company, Inc., in the amount of $1,149.70, with interest and attorney's fees thereon; and on October 13, 1931, issued a fieri facias on said judgment and had seized by the sheriff one of the Mary Waterman Evans notes, to wit; the $475 note, then held by the Texas Lumber Company, Inc., as pledgee.

On the 28th day of October, 1931, K. S. Biggers intervened in the suit of Mrs. Eloise Bennett Mullens v. E. D. Green Realty Company, Inc., and alleged that the note seized in this suit under fieri facias issued by Mrs. Mullen is not the property of the E. D. Green Realty Company, Inc., but the property of intervener, and that he was the owner of said note for value before maturity by virtue of the notarial assignment from E. D. Green Realty Company, Inc., to him of date September 19, 1931. He prayed to be recognized as the owner of said note and that the sheriff of Caddo parish be ordered to release the seizure therein and to deliver said note to him. He further prayed for judgment against Mrs. Mullen in the sum of $100, as attorney's fees, for releasing the illegal seizure.

Mrs. Mullen filed an exception of no cause of action to the petition of intervention and third opposition, which was sustained by the lower court, and intervener appealed to this court. At the request in open court of the attorney for plaintiff, Mrs. Mullen, and not contested by intervener, this court rendered a consent judgment overruling the exception of no cause of action and remanding the case to the lower court for trial (19 La. App. 641, 141 So. 440).

Plaintiff answered the intervention, denying all material allegations, and averred that intervener is not the owner of any right whatever with respect to the note referred to in his petition for intervention; that no bona fide assignment of said notes to intervener has been executed by E. D. Green Realty Company, Inc.; and that said notes were and are still the property of the said E. D. Green Realty Company, Inc., subject to the rights of plaintiff, as seizing creditor, and to the rights of the Texas Lumber Company, Inc., as pledgee.

There was judgment in the lower court in favor of plaintiff, Mrs. Mullen, and against intervener, K. S. Biggers, rejecting his demands and dismissing his petition of intervention and third opposition at his cost; from which judgment intervener has appealed.

The lower court disposed of the case by holding that the assignment from E. D. Green Realty Company, Inc., to K. S. Biggers of date September 19, 1931, was not a bona fide

transfer of the rights and claims which E. D. Green Realty Company, Inc., had in and to the notes pledged to the Texas Lumber Company, Inc. The assignment is in regular form, passed before a notary and there is proof that there was a just consideration for the assignment. The only testimony tending to show that it was not a bona fide transaction is that E. D. Green, the president of the E. D. Green Realty Company, Inc., offered to transfer, sell, and assign the said notes to another person, after the date of the assignment to Biggers. There is no testimony that Biggers knew of Green's action or had any knowledge at any time that E. D. Green was attempting to assign the said notes to other persons, and any action of E. D. Green could not be binding on Biggers, a bona fide transferee, under the assignment of September 19, 1931.

Immediately after the assignment on September 19, 1931, Biggers, through his attorney, notified the Texas Lumber Company, Inc., pledgee, that the notes had been assigned to him and attempted to secure from the pledgee the amount still due it by E. D. Green Realty Company, Inc., the principal obligor, on the note for which the Evans notes were pledged to secure. He was unable to secure this information from the Texas Lumber Company, Inc. He at no time notified Mary Waterman Evans, the maker of the notes, that he claimed the ownership of said notes.

There was no actual transfer of the notes by the E. D. Green Realty Company, Inc., to K. S. Biggers, his contention being that the assignment by notarial act and notice to the pledgee were sufficient to constitute him owner, and to place the notes beyond the reach of the creditors of E. D. Green Realty Company, Inc., of which Mrs. Mullen, the plaintiff, was one. In opposing this contention, plaintiff relies on the following authorities:

Article 1922 of the Revised Civil Code, reads as follows: "With respect to movable effects, although, by the rule referred to in the two last preceding articles, the consent to transfer vests the ownership of the property in the obligee, yet this effect is strictly confined to the parties until actual delivery of the object. If the vendor, being in possession, should, by a second contract, transfer the ownership of the property to another person, who gets the possession before the first obligee, the last transferee is considered as the owner, provided the contract be made on his part bona fide, and without notice of the former contract."

Article 1923 of the Revised Civil Code, reads as follows: "In like manner, if movable property has been alienated by contract, but not delivered, it is liable in the hands of the obligor to seizure and attachment, in behalf of his creditors."

In the case of Lassiter v. Bussy, 14 La. Ann. 699, the court held a promissory note not transferred by indorsement and delivery in the usual mercantile mode, is subject to seizure under the rule which governs the sale of movables not accompanied with delivery, and that the doctrine of notice is not applicable to the sale of personal or movable property, and the creditors may seize them and sell them, when there is no delivery of possession, although informed of an agreement to sell.

And in the case of Marshall v. Parish of Morehouse, 14 La. Ann. 689, an agreement to transfer personal effects vests the property in the transferee, but the effect of the transfer is strictly confined to the parties to it until the actual delivery of the object, and that personal property transferred by contract, but not delivered, is liable in the hands of the transferor to seizure and attachment by his creditors.

In the case of Thomas R. Hill v. William A. Hanney & Co., 15 La. Ann. 654, a case plaintiff contends to be similar in all respects to the case at bar, the court said:

"It is to be noted that W. L. Allen & Co. were the agents of Beck for the collection of the draft, and that their possession was Beck's possession, and that the draft was attached in the hands of the garnishees, before its delivery to the plaintiff, the transferree, and before any notice of the transfer had been given to Andrews & Co. the debtors of the draft. The want of delivery to the transferree, and the want of notice of transfer to the debtors of the draft, are fatal to the plaintiff's pretensions. In the transfer of debts, rights or claims to a third person, the delivery takes place between the transferror and the transferree by the giving of the title, that is by delivering to him the evidence of the debt. But as regards third persons the delivery of the title is insufficient to invest the transferree with possession, and thereby perfect his right to the debt. The transferree is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place. C. C. Arts. 2612 [2642], 2613 [2643], 2457 [2481].

"The law declares that the sale of personal property is void as to creditors, unless possession is given before they acquire rights on the same, and expressly declares, that if personal property be transferred by contract, but not delivered, it is liable, in the hands of the obligor, to seizure and attachment in behalf of his creditors. C. C. arts. 1917 [1923], 2243 [2247]. This rule of law governing the sale of personal effects has been held to extend to the sale of a promissory note not transferred by endorsement and delivery in the usual mercantile mode, but by a collateral agreement, as was done in this case."

In the case of Ober, Nanson & Co. v. William Matthews et al., 24 La. Ann. 90, the

court said: "By our laws the sale of personal property is perfected by the mere consent of the parties, as between themselves, but it is not perfected as to third parties until delivery. C. C. arts. 1922, 1923. And it has been held by this court that: 'A promissory note, not transferred by indorsement and delivery in the usual mercantile mode, but by a collateral agreement, is subject to the same rule.'" Lassiter v. Bussy, supra, and Hill v. Hanney & Company, supra.

The court further said: "An order for a note is not a delivery thereof, and the creditor of the transferror may attach the thing sold before delivery." Citing Norris v. Mumford, 4 Mart. (O. S.) 20; Durnford v. Brooks' Syndics, 3 Mart. (O. S.) 222.

In the case of Swift & Company v. Bonvillain, 139 La. 558, 71 So. 849, the court cited with approval the case of Hill v. Hanney, cited supra.

Intervener contends that articles 1922 and 1923 of the Revised Civil Code are not applicable to this case, that articles 2642 and 2643 are governing for the reason that the assignment of the notes was only a right or claim against the Texas Lumber Company, Inc., pledgee, and not an assignment of the notes themselves. The wording of the assignment makes it clear that the notes were assigned subject to the claim of the Texas Lumber Company, Inc., thereto, as pledgee.

There is authority to the effect that a note is an incorporeal thing. Succession of De Pouilly, 22 La. Ann. 97; Morres v. Compton, 12 Rob. 76; Rev. Civ. Code, art. 460; Succession of Leroy, 157 La. 1077, 103 So. 328, 40 A. L. R. 503; Succession of Desina, 123 La. 468, 49 So. 23.

■ Although the note is only an evidence of the obligation, a negotiable note is tangible, and under Act No. 64 of 1904, the only thing necessary to do, in order to transfer it, is to indorse and deliver it before maturity to the transferee. The holder of the note is then fully possessed of it, even as to third persons, and can collect it by action against the maker. No equities, as between the maker and original payee, can be set up against it. After it is indorsed and delivered to the transferee, it is not subject to seizure by the creditors of the transferor. Therefore, if we give effect to Act No. 64 of 1904, it is plain to see that the transfer of a negotiable note is not governed by articles 2642 and 2643 of the Revised Civil Code. Article 2642 of the Civil Code, reads: "In a transfer of credits, rights or claims to a third person, the delivery takes place between the transferrer and the transferree by the giving of the title."

Article 2643 of the Code: "The transferree is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place. * * * "

■ In giving effect to Act No. 64 of 1904, there is no notice necessary to be given the debtor by the transferee of a negotiable note, in order to affect third persons. However, in this case, if articles 2642 and 2643 of the Revised Civil Code did govern, the intervener could not recover for he did not give notice of the transfer to Mary Waterman Evans, the debtor.

Act No. 64 of 1904, § 191, provides that "delivery" means transfer of possession, actual or constructive, from one person to another. Was there delivery to Biggers, intervener, by E. D. Green Realty Company, Inc., transferor, of the note held in pledge by the Texas Lumber Company, Inc.?

The assignment was legal and binding between the transferor and the intervener, transferee, and notice by the intervener was given to the pledgee of the note and demand made on the pledgee for the amount claimed by it against the pledged property, in order that the transferee, intervener herein, might pay the amount due and take actual possession of the note. This was done prior to the seizure by plaintiff. It was impossible for the transferor to make actual delivery of the note, as the pledgee had actual possession. He made the only delivery possible.

A very similar question was presented in the Succession of Bier, 145 La. 722, 82 So. 868, and the court found it unnecessary to pass on the question.

Section 30 of Act No. 64 of 1904 provides: "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee, the holder thereof. If payable to bearer it is negotiated by the indorsement of the holder completed by delivery."

■ The act provides that "delivery" means actual or constructive delivery. There was constructive delivery of the note in question by the then owner, the E. D. Green Realty Company, Inc., to the intervener, and therefore was delivered within the intendment of Act No. 64 of 1904, and the note was negotiated in the meaning of the said act. It was therefore out of the reach of the creditors of the transferor and not subject to seizure.

We therefore find the judgment of the lower court to be incorrect, and it is reversed; and there is now judgment in favor of intervener, recognizing him to be the owner of the note under seizure, subject to the rights of the pledgee, the Texas Lumber Company, Inc., and the sheriff of Caddo parish, La., is ordered to release the seizure of the note made in this suit.

The demands of intervener for damages, as attorney's fees, are rejected; all costs to be paid by plaintiff.

MILLS, Judge (dissenting).

The transferee, when he accepts the transfer of movable property without actual delivery, is put on notice that the thing transferred is not in the possession of, and that actual delivery cannot be made by, the transferor. He is presumed to know the law governing the transaction and that he has acquired no rights in the thing as against a seizing creditor of the transferor.

In my opinion the provision in the Negotiable Instrument Act, permitting constructive delivery of such instruments, did not, and did not intend to, repeal or modify the articles 1922 and 1923 of our Civil Code fixing the rights of creditors as to movable property where there is no actual delivery to a vendee or transferee. I do not think the transaction under consideration should be held an exception to the general rule so clearly stated in the body of the majority opinion.

I therefore respectfully dissent.