SHORTESS, Judge.
Technical Engineering and Contracting, Inc. and Red Simpson, Inc. (Technical) initiated suit on a promissory note as both pledgee and holder of a promissory note entitled “Deed of Trust Note” executed by Dr. Bert H. Lewis[1] and Thelma Defelice Lewis (defendants) on May 25, 1984. Named as defendants were Dr. Bert Lewis, Thelma Lewis and Mike Lewis as trustee of the note. Defendants filed an objection of no right of action, which was sustained by the trial court dismissing this suit as to both plaintiffs, defendants, and Mike Lew *919 is. From this adverse judgment, plaintiffs perfected this timely appeal.
Technical, which was at the time of trial a wholly owned subsidiary of Red Simpson, Inc., was awarded a portion of a large contract known as “The Sanitary Sewer System for the Town of Ball, Louisiana Contract No. 1-A.” Technical assigned its rights in the contract to FCH Companies Inc. (FCH). Harry T. Farrar, a son-in-law of defendants, was the principal of FCH. Subsequently, FCH experienced financial troubles and assigned the contract back to Technical after becoming insolvent.
After the financial demise of FCH, Harry Farrar and two of defendants’ sons, Mike Lewis and Jeff Lewis, formed Gulf States Construction Company (Gulf States) and successfully negotiated the reassignment of the Ball sewer contract job. However, before Technical would agree to the reassignment it required Gulf States to provide additional security.
Gulf States, in order to get the required security needed for the reassignment, entered into an agreement with the defendants whereby defendants would receive complete control of all of Gulf States’ issued shares of stock in exchange for financial support. Specifically, defendants agreed to execute a promissory note in the amount of $216,000.00 and a corresponding “Deed of Trust” mortgage on property owned by the defendants in Mississippi. The parties apparently intended to try to create a collateral mortgage package which could be pledged by Gulf States for up to five years, the estimated time Gulf States needed to achieve some sort of financial independence. In addition to the formation of the mortgage package the agreement also provided that Dr. Bert Lewis would serve on the Board of Directors of the company as well as on Executive Committees.
On May 25, 1984, at the office of attorney Gerald Delaunay, the three documents critical to the resolution of this case were perfected. First, Dr. Bert Lewis and Thelma Lewis executed a “Deed of Trust Note,” a demand note payable to holder or future holder, in the principal sum of $216,-000.00.
Second, defendants executed a “Deed of Trust” which in pertinent part provides[2]:
THIS DEED OF TRUST, entered into this 25th day of May, 1984, by and between:
DR. BERT H. LEWIS, married to and living with Thelma Defelice Lewis, and the said THELMA DEFELICE LEWIS, hereinafter called “Grantor”,
and
MIKE LEWIS, hereinafter called “Trustee”,
TECHNICAL ENGINEERING AND CONTRACTING, INC., a Louisiana corporation, or any Holder or Future Holders of the note hereafter described, hereinafter called “Beneficiary”.
[[Image here]]
TO HAVE AND TO HOLD the same unto the Trustee and unto his successors and assigns, forever.
IN TRUST, HOWEVER, to secure to the Beneficiary named above, the payment of a certain promissory note of even date herewith in the principal sum of TWO HUNDRED SIXTEEN THOUSAND AND NO/100 ($216,000.00), with interest from date at the rate of fifteen (15%) percent per annum on the balance remaining from time to time unpaid; principal and interest being payable at such place as the holder hereof may designate in writing delivered or mailed to the debtors, ON DEMAND.
The subcontract agreement between Gulf States and Technical was then finalized. The document clearly provides that the previously described documents were pledged to Technical as security in the event that there were not sufficient proceeds to reimburse Technical for all of the expenses advanced by it in connection with the performance of the contract. The subcontract agreement was signed by representatives *920 of Technical and Gulf States and was witnessed by Jeff Lewis and Dr. Bert Lewis.
Although the subcontract agreement provides that the documents were in fact pledged to Technical, the testimony adduced at trial indicates that Technical may have actually received a copy of the note instead of the original when the papers were finalized. The trial court found as a fact that Technical never had actual possession of the note. And, relying on LSA-C.C. art. 3158 and the jurisprudence interpreting the article, the trial court held that no valid pledge existed because actual delivery did not take place.
Plaintiffs contend that the trial court erred in its conclusion of law that actual delivery to the pledgee is required to perfect a pledge. Plaintiffs cite Scott v. Corkern, 231 La. 368, 91 So.2d 569 (1956), for the proposition that the jurisprudence permits a third party, including the debtor, to hold an instrument as agent for the creditor. There is merit to plaintiffs’ contention.
The Civil Code specifically allows for delivery of the pledged item to a third person. LSA-C.C. art. 3162 provides that:
In no case does this privilege subsist on the pledge, except when the thing pledged, if it be a corporeal movable or the evidence of the credit if it be a note or other instrument under private signature, has been actually put and remained in the possession of the creditor, or of a third person agreed on by the parties.
In Conger v. City of New Orleans, 32 La.Ann. 1250 (La.1890), the court stated that:
Possession, though essential to the validity of the pledge, need not be always in the creditor. It is sufficient that the thing pledged be in the possession of one occupying ad hoc, the position of a trustee. The debtor himself may, in some cases, be considered as such trustee and be given possession of the thing by him pledged, provided his tenure be precarious and clearly for account of the creditor.
In Succession of Bier, 145 La. 722, 82 So. 868 (1919), the pledgor, having already pledged two mortgage notes to one bank, pledged the same notes to a second bank, subject to the rights of the first bank. It was argued that the secondary pledge was invalid because actual delivery did not take place. The Louisiana Supreme Court found that there was a tacit agreement whereby the parties clearly understood that the first bank was to hold the notes for the second bank.
In Jacquet v. His Creditors, 38 La.Ann. 863 (1886), the third party who held the pledge of machinery was the employee of the pledgor. The court found that the pledgor was sufficiently disposed of the property. The employee testified that he had control of the property, took care of it, and was paid for his services. Although the pledgor used the machinery, the court nevertheless concluded that a valid pledge was perfected.
In Scott v. Corkern, 91 So.2d 569, the case relied on by plaintiffs, the pledge property was a life insurance policy. The policy was pledged to secure a loan made to attend medical school. At the time of trial, both pledgor and pledgee were deceased; therefore, the suit on the pledge was between the heirs of the original parties to the pledge. Although the policy originally had been placed in the hands of a third party, the policy was found in the safety deposit box of the pledgor. Plaintiffs in this case argued that pledgor’s possession of the policy was as a trustee of the pledgee. The court agreed stating that in the absence of any evidence showing that the parties intended that the pledge be terminated, it will be presumed that the possession of the pledgor was precarious or as an agent pro hoc vice.[3]
Here, all of the parties, including the defendants, understood the note was to be pledged to Technical to secure Gulf States’ obligations under the subcontract *921 agreement. Mike Lewis was appointed trustee in the “Deed of Trust.” Accordingly, he was under a fiduciary duty to hold the mortgage package for Technical. Moreover, Gulf States accepted the benefits derived from the pledge agreement and regarding the pledged property did no act adverse to Technical until after it was clear that Gulf States could not live up to its financial agreements and Technical demanded possession of the note.
After learning of the demand for the note, Jeff Lewis went to the Comeaux Plantation, where the files for Gulf States were kept, and destroyed the note. He testified that he was an employee of the corporation and not an officer; and that he was not advised by anyone to destroy the note nor did he prior to preparation for trial admit to anyone that he had destroyed it. In sum, it appears that the destruction of the note was unauthorized.
In light of the obvious intention of the parties to pledge the note, the language of the “Deed of Trust” indicating that Mike Lewis held the package as trustee for Technical, and the lack of evidence to the contrary, it will be presumed that possession of the note was precarious or as an agent pro hoc vice. Accordingly, we find that the trial court improvidently granted the exception of no right of action as to Technical.
We find that the trial court was correct however in sustaining the exception of no right of action with respect to Red Simpson, Inc. Even though Simpson owns all of Technical, its rights are derivative in nature. Any losses sustained by Red Simpson, Inc. are indirect, resulting from its ownership of Technical’s stock. Richard v. Morgan, 433 So.2d 263 (La.App. 1st Cir.1983); see also Hinchman v. Oubre, 445 So.2d 1313 (La.App. 5th Cir.1984).
Both sides agree that since Mike Lewis was not served with process, has not made an appearance, and did not file any exception of his own, the trial court’s judgment dismissing him from the suit was erroneous. Said dismissal appears to be an oversight.
For the foregoing reasons, the judgment of the trial court is reversed to the extent that it (1) dismissed Mike Lewis, and (2) granted defendants’ exception of no right of action of to Technical. The matter is remanded for proceedings consistent with this opinion. The trial court’s judgment is affirmed as it relates to Red Simpson, Inc. All costs of this appeal are taxed to defendants.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
CARTER, J., concurs.

. The correct spelling of Dr. Lewis’ first name is shown in the record as “Bert.”

. The original "Deed of Trust” provided that the beneficiary was any "Holder or Future Holders” of the note. According to the testimony of Delaunay, Technical was later substituted as the named beneficiary in order to conform to Mississippi mortgage law.

. The court in Scott went so far as to say that LSA-C.C. art. 3162 requiring delivery to and possession in the creditor, or a third person, is not applicable as between the parties to the pledge. This statement however has not been without criticism.