No. 1857.—SUCCESSION of J. I. DePOUILLY.—On Opposition of heirs to the Account of the Executor.

22   97
105  711
105  712

22   97
f123 480

The giving of a check for money is a manual gift, and is subject to no other formality than that of delivery.

A donation *inter vivos* of a promissory note must be passed before a notary public and two witnesses, under penalty of nullity    C C 1523.

A PPEAL from Second District Court, parish of Orleans. *Thomas, J. A. Voorhies* and *Collens & Wooldridge*, for executor, appellant. *A. Robert*, for the heirs, appellee.

HOWELL, J. The heirs of the deceased opposed the homologation of the executor's account filed herein, on the ground that he has not accounted for twenty-five hundred dollars in cash and two mortgage notes of twelve hundred and fifty dollars each, received by the deceased as the price of certain property sold by him, and which they allege he deposited with said executor for the benefit of his succession, but which the latter has converted to his own use, under certain pretended personal rights on them.

The evidence shows that DePouilly died on the twenty-fifth of December, 1866; that three days prior thereto, to wit, on the twenty-second of December, he handed to P. H. Mousseaux, as a gift, a check for $2286 drawn on that day to the order of and collected the same day, by said Mousseaux, and the two notes above referred to; that on the same day (the 22d) the deceased made a will, appointing said Mousseaux his executor, making a small legacy to him and one to a servant, and instituting the opponents his universal legatees.

The question presented is, was this a manual gift within the meaning of article 1526, C. C., which reads: "The manual gift, that is the giving of corporeal movable effects by a real delivery, is not subject to any formality."

A manual gift is, by this article, the giving of corporeal movables, which must be actually delivered.

As the evidence shows that the sum of money, for which the deceased gave his check on the bank, was immediately reduced to possession by Mousseaux, it must be considered a manual gift within the meaning of the above article. An actual, real delivery of a corporeal movable effect *(money)* was made, and no other formality was necessary. The check was the means or vehicle of delivery.

But the mortgage notes come within a different classification or description of things.

A promissory note is a written engagement or promise by one to pay another person, therein named, absolutely and unconditionally, a certain sum of money, at a time specified therein. The written instrument is the evidence of the obligation to pay. An obligation is not a corporeal, but an incorporeal thing. C. C. 451. A promissory note, then, must come within the operation of article 1523 of the Code, which says:

"An act shall be passed before a notary and two witnesses of any donation *inter vivos* of immovable property, of slaves or incorporeal things, *such as* rents, credits, rights. or actions, under the *penalty of nullity.*"

It was not the pieces of paper that were given, but the obligation of the debtor or maker to pay the sums evidenced by the writings. This was the view taken, and, we think, correctly, in the case of Morris *v.* Compton. 12 R. 76.

It is therefore ordered that the judgment appealed from be so amended as to order the executor to account only for the two notes described in the act of sale on file, with the interest therein stipulated, and that, as thus amended, the judgment be affirmed. Costs of appeal to be paid by P. H. Mousseaux, appellee.