On Motion to Dismiss.
LAND, J.
Carmelite Desina, after her marriage with Ferdinand R. Kuruear, in *471 hcrited $33,199, which was paid to her in checks. These cheeks were indorsed by her and given to her husband, who collected the money and placed the same in bank to his own account. The husband invested portions of this money in real estate, shares of stock, etc., all in his own name, and at the time of the death of his wife had $6,105 deposit in the Citizens’ Bank.
The father, a brother, and a sister of the deceased wife instituted proceedings by rule In the succession to have sáid real 'estate, shares of stock, and money in bank declared to belong to said succession and inventoried accordingly.
E. R. Kurucar, for answer to the rule, pleaded that the cheeks given to him by his said wife were a donation of money, and that out of the funds so received $8,500 had been invested in real estate which he still owned, and $6,105 was deposited in the Citizens’ Bank at his credit. Kurucar further averred that he had invested a portion of the said money received from his wife in 50 shares of preferred stock in the New Orleans Railway & Light Company, but that he had sold said stock through a broker, Edwin P. Cohn, who had paid him, but the said stock had not been transferred on the books of the company.
Marco Desina, the father, and Mrs. Garcia, the sister, were appointed joint administrators of the succession.
Subsequently, Marco Desina, Andrew Desina, Mrs. Garcia, and Gladys Desina tiled a joint petition against E. R. Kurucar, Edwin D. Cohn, the Citizens’ Bank, and the New Orleans Railway & Light Company, for the purpose of annulling the alleged donation by Carmelite Desina to her husband, Kurucar, and the alleged transfer of stock from Kurucar to Cohn, and for the purpose of recovering the said real estate, shares of stock, and money in bank, and also of obtaining judgment against Kurucar for the sum of $18,100, with interest, representing the balance of the original funds received by him from his said wife.
The petitioner Marco Desina prayed, in the alternative, for the reduction of the donation to satisfy his lSgitime as forced heir of his deceased daughter, and all of the petitioners prayed, in the alternative, for judgment decreeing the property and assets above described to belong to the community.
The petitioners sued out writs of injunction inhibiting the transfer or disposal of the property, stock, and money already mentioned. Cohn answered, claiming title to said 50 shares of stock, and annexed to his answer the record of the suit of himself against the New Orleans Railway & Light Company and the Whitney-Central National Bank, its transfer agent, to compel a transfer of said shares on the books of the corporation. The answer avers that said “suit is consolidated with, and is to be tried with, this cause by consent of all parties.”
Kurucar answered, praying for judgment dismissing plaintiffs’ suit, and confirming said donation, and decreeing that all the funds so given him, those spent as well as those on hand, and the premises described in the petition, to be his property, free of all liens and claims.
Two decrees were rendered. In one decree the donation was held good and valid, but was reduced by one-third, or $11,066, in favor of the father as forced heir. It was further decreed that the succession of Carmelite Desina Kurucar be recognized as the owner of the real estate described in the petition and of the $6,105 deposited in the Citizens’ Bank, subject to the right of Ferdinand R. Kurucar to pay said sum, with legal interest, together with costs, to the administrator within 15 days from the date of the judgment, and, upon his default, the administrator was ordered to sell the real estate at public auction, and to apply the *473 proceeds and the cash in bank to the satisfaction of Marco Desina’s legitime of $11,-066, with interest and costs. The injunction was perpetuated.
The other decree rejected and dismissed Cohn’s demand, and recognized the succession of Mrs. Carmelite Desina Kurucar to be the owner of the 50 shares of stock in dispute. The written reasons for the decree show that the title of the succession was recognized for the purpose of securing the amount due to the father as forced heir, but this limitation was not incorporated in the decree.
In the Cohn suit, the parties defendant were the New Orleans Railway & Light Company and its transfer agent, the Whitney-Central National Bank. The bank answered that it was a mere stakeholder, and had been enjoined from transferring said shares of stock, ■ and that the administrators of the succession were necessary parties. The Railway & Light Company in its answer also set up the pendency of the injunc tion suit, involving the question of title to said shares, and averred that it should not be compelled to make the transfer until the question of title should be finally adjudicated.
Cohn, in his answer to the suit of Marco Desina et al., asserted title to said shares, and therefore the two suits involved the same issue. Marco Desina et al. were made parties to the Cohn suit by virtue of the consolidation by consent of parties. They were necessary parties, and the litigation could not have proceeded without the consolidation of the two causes. Having obtained judgment below for the shares of stock on the theory of consolidation, the appellees are in no position to deny that there was a consolidation by consent as set forth in the pleadings and as is shown by the minute entries from time to time.
Ferdinand R. Kurucar filed a motion for an appeal in the consolidated suits from the judgments therein rendered and signed on the same day. A' devolutive and suspensive appeal was granted pursuant to the motion upon Kurucar furnishing bond in the sum of $1,000. A similar appeal was granted to Edwin D. Cohn upon furnishing bond in the same amount. Bonds were furnished by both appellants.
The appellees in the consolidated suits filed a rule on Kurucar in the court below to' show why the appeals should not- be dismissed, on the grounds (1) that the bond was insufficient in amount for a suspensive appeal, (2) that the surety was insufficient, and (3) that two separate judgments had been rendered and only one bond had been filed.
On hearing the rule, the court ordered that the appeal stand as devolutive on the bond furnished, and granted a suspensive appeal upon the furnishing of an additional bond in the amount and conditioned as the law directs, within four days. Kurucar within said delay filed a suspensive bond in the sum of $18,000, conditioned according to law.
The appellees have filed in this court a motion to dismiss the appeals of Kurucar on grounds urged below. The appellees did not appeal from the judgment of the court a qua overruling their motion to dismiss the appeals. The correctness of that judgment cannot be tested by motion to dismiss filed in this court. Huntington v. Bordeaux, 42 La. Ann. 348, 7 South. 553.
The additional ground that Kurucar has no pecuniary interest in the judgment dismissing the demand of Cohn is without force, since Kurucar, as vendor of the shares' of stock, was bound in warranty to Cohn, his vendee, who has been evicted by the judgment below.
The motion to dismiss the appeal of Cohn is based on the same grounds urged below *475 by appellees in their motion to dismiss his appeal. Appellees’ motion having been overruled by the judge a quo, their only remedy was by appeal. De Gruy v. Aiken & Co., 43 La. Ann. 800, 9 South. 747.
The motions to dismiss are therefore overruled.