(103 So. 328)

No. 25168.

## Succession of LEROY.

(Feb. 2, 1925.  Rehearing Denied March 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Bills and notes** ☞176—**Indorsement in blank and delivery to indorsee held negotiation.**

Indorsement in blank and delivery to indorsee of check contended by latter to be gift inter vivos *held* negotiation of check making indorsee the holder, in view of Negotiable Instrument Law, §§ 30, 31.

2. **Bills and notes** ☞193—**Donee inter vivos of check held authorized to strike out restricted indorsement.**

Donee inter vivos of check *held* to have full authority to strike out restricted indorsement placed upon check by notary, following indorsement to donor, reciting "for deposit to account of donor," in view of provision of Negotiable Instrument Law, § 48, that holder may strike out any indorsement unnecessary to his title.

3. **Gifts** ☞26 — **Donations; indorsement and delivery of check payable to order valid donation.**

Under Civ. Code, art. 1539, providing that gift of corporeal movables is not subject to formality, indorsement and delivery of check payable to order of donor constitutes valid donation of fund represented, though collected after death of donor.

4. **Gifts** ☞26 — **Donations; certified check proper subject of gift by manual delivery without formality.**

In view of Negotiable Instrument Law, §§ 187–189, certification of check, payable to order of donor, *held* not to prevent its being subject of valid gift inter vivos, under terms of Civ. Code, art. 1539, without any formality, although donor died before its collection.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

In the matter of the succession of Martin J. Leroy.  From a judgment dismissing the oppositions of the legatees to the first and second provisional accounts filed by the executor, the legatees appeal.  Affirmed.

McCaleb & McCaleb, John L. Feliu, and Beer & Robbert, all of New Orleans, for appellants George A. Leroy and Mrs. Lillian Leroy, wife of A. E. Grosz.

Carroll & Carroll, Henry G. McCall, and Azzo J. Plough, all of New Orleans, for appellant Mrs. W. B. Koops.

Giraŭlt Farrar and Emile Pomes, both of New Orleans (Farrar & Mahoney, of New Orleans, of counsel), for appellee Edwin I. Mahoney.

LAND, J.  This case is before us on appeal from the judgment of the lower court dismissing the oppositions of the legatees to the first and second provisional accounts filed by Edwin I. Mahoney, executor of the last will and testament of Martin J. Leroy.

These oppositions are predicated, in part, upon objections to certain items of disbursement made by the executor, but are based mainly upon the omission of the executor to include in said accounts, as a part of the assets of said estate, a certain check for $10,800, certified by the Whitney-Central National Bank, and delivered to the testator shortly before his death, as the balance due on the purchase price of certain real estate sold by him to P. H. Dubus.  The executor contends, in answer to these oppositions, that said check was indorsed in blank, and was delivered to him by the testator, as a donation inter vivos by manual gift.

The question presented to us for decision in this case is whether such a check is susceptible of manual gift by delivery under article 1539 of the Civil Code, or whether an act passed before a notary and two witnesses is essential to the validity of such donation under article 1536 of said Code.

The testator was unmarried and left only heirs in the collateral line.

The check in controversy bears the date of April 23, 1920.  The act of sale from Leroy to Dubus is of date April 24th, and the decedent departed this life April 25th.

The evidence in the case shows that this check had been delivered to the deceased after the sale, and that, about five hours before his death, deceased indorsed the check in blank and handed it to Mahoney, with the statement, "This is for you." These facts are established by the testimony of Mahoney, who is corroborated by Michler, a barber and old friend of the deceased, who had been called in to shave him, and who was present both at the time of the indorsement and delivery of the check to Mahoney, and who heard the conversation that took place on that occasion between the parties. The transaction therefore is apparently one in good faith, and devoid of deception or fraud.

The genuineness of the indorsement is not questioned. The donee is the nephew of the deceased, is named as his executor in his last will and testament, and had attended to the legal business of decedent for a number of years without compensation.

[1] The check in question is drawn by P. H. Dubus upon the Whitney-Central National Bank, is made payable to the order of D. B. H. Chaffe, attorney, and is indorsed by him payable to the order of J. Leroy. Below this indorsement are written these words: "For deposit a/c M. J. Leroy," signed "W. Morgan G." (Gurley). Under this notation is the indorsement in blank signed "M. J. Leroy."

W. Morgan Gurley was the notary who passed the act of sale of the real estate from Leroy to Dubus, and, at the time he delivered the check to Leroy, wrote after the signature of Chaffe: "For deposit a/c M. J. Leroy." This restricted indorsement was erased by Mahoney before collecting this check. Leroy was the vendor of the real estate for which this check had been executed as the balance of the purchase price.

1. He became, unquestionably, the holder of the check by its indorsement by Chaffe and delivery to him. The subsequent indorsement of the check in blank by Leroy and his delivery of the same to Mahoney was a negotiation of the check, and had the legal effect of making Mahoney the holder.

[2] Section 30 of the Negotiable Instrument Law (Act 64 of 1904) provides that:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery."

"The signature of the indorser, without additional words, is a sufficient indorsement." Section 31, Act 64 of 1904.

"The holder may at any time strike out any indorsement which is not necessary to his title." Section 48, Act 64 of 1904.

The indorsement of said check and its delivery to Mahoney by M. J. Leroy as a donation inter vivos was therefore full authority to Mahoney, as holder and donee, to strike out the restricted indorsement placed upon said check by Gurley; said indorsement not being necessary to Mahoney's title to the check.

[3] 2. Article 1536 of the Civil Code requires that:

"An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity."

It is declared in article 1539 of the Civil Code that:

"The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality."

Under the latter article this court has repeatedly held that the indorsement and delivery by the donor of a check payable to order constitutes a valid donation of the fund represented by such check, whether collected before or after the death of the donor. Burke, Ex., v. Bishop, 27 La. Ann. 465, 21 Am. Rep. 567; Succ. of Desina, 123 La. 468, 49 So. 23; Succ. of Turgeau, 130 La. 650, 58 So. 497; Succ. of De Pouilly, 22 La. Ann.

97; Stauffer, McCready & Co. v. Morgan, 39 La. Ann. 632, 2 So. 98.

In Succession of Desina, the decisions of this court have been reviewed, and it is stated in that case that checks have been differentiated from notes, and other rights and credits in a number of cases, citing Morres v. Compton, 12 Rob. 76; Miller v. Andrus, 1 La. Ann. 237 To these citations may be added the cases of Succ. of De Pouilly, 22 La. Ann. 97; Succ. of Rabasse, 49 La. Ann. 1406, 22 So. 767; Barriere v. Gladding, 17 La. 144.

Promissory notes are brought within the operation of article 1536 of the Civil Code, because the written instrument is the evidence of the obligation to pay, and an obligation is not a corporeal but an incorporeal thing. Succ. of De Pouilly, 22 La. Ann. 97; Morres v. Compton, 12 Rob. 76; R. C. C. 460.

In Succession of Desina, 123 La. 480, 49 So. 27, the court said:

"In Burke, Ex'r, v. Bishop, 27 La. Ann. 465, 21 Am. Rep. 567, the court went *a step further* and held that the manual gift of an indorsed check was good as a donation, although the indorser, *the donor, died before it was collected.*"

After citing Succession of De Pouilly, 22 La. Ann. 97, in which the check was collected before the death of the donor, and Stauffer, McCready & Co. v. Morgan, 39 La. Ann. 632, 2 So. 98, in which the check was placed to the credit of the donee prior to the death of the donor, the court observed that:

"The decisions supra (including Burke, Ex'r, v. Bishop, 27 An. 465) are in accord with the common-law rule, which has been epitomized as follows: 'The general rule is that an indorsement and delivery of a check or certificate by the owner or payee thereof will constitute *a valid gift of the fund represented by such check* or certificate. * * *' 20 Cyc. 1205."

The Burke Case therefore stands approved by this court in Succession of Desina, and has not been criticized or overruled in any subsequent decision of this court. In the Burke Case it is said by the court:

"A check is not an obligation. It is an unconditional order to pay. It, in fact, represents money, and to all practical intents is money. When, therefore, Elliott gave the check in question, indorsed by him, to Mrs. Risley, it was money which he gave her, and which she reduced to her possession when she took it."

The decision in the Burke Case was rendered by this court in the year 1875, and for the last 50 years has stood unquestioned as to its soundness. This decision has become a rule of property in this state, and it would be against public policy to disturb it at this late date, especially after its approval in Succession of Desina.

[4] 3. This brings us to the consideration of the effect of the check in question being certified by the Whitney-Central National Bank.

"Where a check is certified by the bank on which it is drawn, the certification is equivalent to an acceptance.

"Where the holder of a check procures it to be accepted or certified the drawer and all indorsers are discharged from liability thereon.

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check." Neg. Inst. Law, Act 64 of 1904, §§ 187, 188, 189.

Under Negotiable Instrument Law, §§ 187–189, the acceptance of a check or bill of exchange by the drawee renders him liable on it as a primary obligor. Commercial Bank v. First Nat. Bank, 147 La. 925, 86 So. 342, 13 A. L. R. 986.

Therefore the certification of the check in this case by the Whitney-Central National Bank rendered said bank primarily liable to the holder, Leroy, for the payment of the check. Such certification or acceptance, however, did not operate to make Leroy, the holder, the drawer of said check, nor did it have the effect of assigning to the credit of Leroy, as holder, the funds of the drawer in said bank, to the amount of the check certified.

As a matter of custom, when a check is certified, a bank charges the amount of the check at once to the account of the drawer, as the bank becomes primarily liable for the payment of the .check.

The death of Leroy therefore did not affect the manual gift of this check to Edwin I. Mahoney, as said check was not drawn by Leroy upon his own funds in said bank. The bank was not the agent of Leroy. There was no mandate to be revoked by the demise of the donor, as the bank was primarily bound to pay such check, when presented by Leroy, as holder, or by his transferee, Mahoney.

We are therefore of the opinion, that there was a valid manual gift of the check in controversy to Mahoney by Leroy, although said check was not collected by Mahoney until after the death of the donor.

4. The various items of disbursements made by the executor and contested by the legatees in their oppositions to the first and second provisional accounts are fully explained, and seem to be ·amply justified by the testimony of the executor. There is no testimony in the record to the contrary. By agreement the consideration of the appraiser's fee was postponed until the final account.

As appellants have abandoned in their briefs any consideration of these items of disbursements, we do not feel that it is necessary to enter into a discussion in detail of the oppositions to such items.

The judgment of the lower court was in favor of the executor of the estate of Martin J. Leroy, dismissing the oppositions at the cost of opponents, approving and homologating the provisional accounts, and ordering the funds to be distributed in accordance therewith.

The judgment appealed from is correct.

Judgment affirmed.

ST. PAUL, J. I concur in the decree, but not wholly in the reasons given therefor. A certified check is substantially nothing but a banker's promise to pay (Act 64 of 1904, § 189), and I think this court should now flatly overrule and not merely distinguish whatever may have been said (obiter) in some old decisions, to the effect that, to be valid, the donation of the promissory note of another than the donor must be by notarial act. I think article 1536, R. C. C., applies only to such credits as are not transferable by mere delivery of title. See Laurent, vol. 12, pp. 351, 352, Nos. 280, 281. Treasury notes, bank notes, gold and silver certificates, are likewise mere promises to pay money; yet no one doubts that they are subject to manual gift under R. C. C. art. 1539. Government bonds, state bonds, municipal bonds, corporate bonds are also mere promissory notes, with interest coupons attached, and this court has held that these are proper objects of a manual gift without formality whatever, and by mere delivery to the donee. See Succ. of Moore, 40 La. Ann. 531, 541, 4 So. 460.

Barriere v. Gladding, 17 La. 144, holds simply that a man may not make a gift mortis causa to his concubine by giving her his own promissory note., Morres v. Compton, 12 Rob. 76, apparently decides the point squarely. But a footnote to the case (p. 79) shows that the opinion as reported was not the opinion handed down when the judgment was rendered, but was prepared afterwards, and hence it is of doubtful authority. Moreover, it seems based on Barriere v. Gladding, supra, which is not authority for any such proposition. (This was also a gift to a concubine.) Miller v. Andrus, 1 La. Ann. 237, was again a case of the donor's own note, and was again an evident attempt to make a donation mortis causa in the form of a note. Succ. of Rabasse, 49 La. Ann. 1405, 22 So. 767, was again a case of the donor's own note; the note given was made payable to the maker's donor's own order, but· was not

*indorsed* by him. The donation was held not complete, *for that reason;* and the court said:

"The instrument never took such shape as to be classified as a '*thing*,' and to be susceptible of being donated or given as such. \* \* \* If the maker \* \* \* had indorsed it in blank, and had handed it to [the donee], it might possibly have resisted an attack upon it as to form; but that is not the case before the court."

This case is therefore not authority for the proposition that the gift of the promissory note of a third person, payable to bearer or indorsed in blank, can only be made by notarial act, and not by mere delivery, although that view was urged upon the court (see p. 1411), and would have been a ready means of disposing of the controversy *without* leaving the possibility (or doubt) suggested as aforesaid.

The only case both *authoritative* and directly in point is Succession of De Pouilly, 22 La. Ann. 97, citing Morres v. Compton, supra, and I think that case should be overruled on that point.

I therefore concur only in the decree.