GLADNEY, Judge.
Mrs. Delia S. McCrocklin died intestate in DeSoto Parish, Louisiana, on May 15,- *365 1959. She was survived by four children and one grandchild, the child of a predeceased child. Jack S. McCrocklin, a son, was appointed administrator of the succession, and an inventory of the property and effects belonging to the succession was prepared and filed. Virginia McCrocklin Hewitt and Hasseltine McCrocklin West, daughter and granddaughter respectively of the decedent, filed a petition which was served upon Jack S. McCrocklin, administrator of the succession, and Lula La Hood, notary public, who prepared the inventory, to compel reformation and amendment of the inventory so as to include the following items: (1) A 1959 Impala Chevrolet automobile; (2) Eight $1,000 United States Treasury 2i/¿% Bonds, each “payable to bearer”; (3) A drawing account of $1,175 with the Mansfield Lumber Company. Jack S. McCrocklin filed an answer assigning reasons for the non-inclusion of the above items in the inventory and averred the subject bonds had been donated to Margaret Virginia (Ginger) Johnson, a grandchild, by the decedent prior to her death. Petitioners then sought and obtained a writ of sequestration .resulting in the seizure of the bonds. Ginger Johnson and her mother, Margaret McCrocklin Johnson, moved for a dissolution of the writ of sequestration, with damages and attorney’s fees for its wrongful issuance. Margaret McCrocklin Johnson died on April 21, 1960. Trial on the motion to dissolve was separately had, and by stipulation the evidence taken thereon was submitted to the court on trial of the ownership of the bonds. These proceedings resulted in judgment dismissing the demand for inclusion of the automobile and drawing account in the inventory, but recognizing the bonds as being the property of the succession and ordering their inclusion in an amended inventory. From the decree so rendered, all parties have appealed.
No issue has been presented to this court concerning the exclusion of the automobile and the drawing account from the effects of the succession, thus the controversy has been restricted to the status of the bonds. The primary question, therefore, is whether United States bearer bonds are susceptible to donation inter vivos by manual delivery alone, or whether further formality is required.
The pertinent circumstances are readily established and are not seriously disputed. The bonds were inherited by Mrs. Delia S. McCrocklin and in October, 1958, were brought to the First National Bank in Mansfield for delivery to her. The bank president, Willis Evans Calvert, testified that a short while thereafter Jack S. Mc-Crocklin, acting under authority from his mother, requested that the bonds be placed in a safe at the bank and there they remained until December 22, 1958. At that time Jack McCrocklin advised Calvert that his mother wished to make a donation of the bonds to Ginger Johnson, after which the bank would hold them for the donee. The bank then issued its receipt for the bonds on a deposit slip in the names of Ginger and Margaret McCrocklin Johnson. The name of Margaret McCrocklin Johnson was included in the writing as a matter of convenience only, and was suggested by the banker. Ginger Johnson was informed of the donation by Jack McCrocklin, and on December 27th she and her mother acknowledged receipt from Jack McCrocklin of the bonds, which were left at the bank. Two of the bonds were later sold by Jack McCrocklin, with the consent of Ginger Johnson, in order to pay an obligation, of Margaret McCrocklin Johnson.
The position of Virginia McCrocklin Hewitt and Hasseltine McCrocklin West is that: first, the United States bearer bonds are incorporeal things, — credits, not susceptible to donation inter vivos by manual delivery alone, and a donation thereof to be legally effective must conform to the formalities prescribed by LSA-C.C. arts. 1536 and 1538;[1] and second, if it be held *366 the bonds are corporeal movable effects, and as such are subject to donation by manual gift, it is urged the donation to Ginger Johnson was not perfected forasmuch as the evidence fails to establish the donoFs intention to give, and the attempted donation was not accompanied by a real delivery.[2]
When a donation is in the form of a manual gift of corporeal movable effects, accompanied by a real delivery, it is not subject to any other formality. Article 1539; Succession of Hale, 1874, 26 La.Ann. 195; Succession of Zacharie, 1907, 119 La. 150, 43 So. 988; Succession of Housknecht, 1914, 135 La. 818, 66 So. 233, L.R.A.1915B, 396; Hurley v. Hurley, 1920, 146 La. 337, 83 So. 643; Succession of McBurney, 1927, 162 La. 758, 111 So. 86; Gibson v. Hearn, 1927, 164 La. 65, 113 So. 766; Faison v. Patout, 1947, 212 La. 37, 31 So.2d 416; Funderburk v. Funderburk, 1949, 214 La. 717, 38 So.2d 502. The proof required in such cases must be strong and convincing that it was the donor’s intention to give the property. Succession of Woolfolk, 1954, 225 La. 1, 71 So.2d 861.
Louisiana decisions construing LSA-Civil Code article 1539 have shown a tendency to accord with the common law rule to the effect:
“ ‘The general rule is that an in-dorsement and delivery of a check or certificate by the owner or payee thereof will constitute a valid gift of the fund represented by such check or certificate. The rule, however, in regard to the donor’s personal check or note is otherwise, and the mere delivery thereof does not constitute a perfect gift, since it is revokable at any time prior to its presentation and payment, and is ipso facto revoked by the death of the donor.’ 20 Cyc. 1205.” Succession of Desina, 1909, 123 La. 468, 480, 49 So. 23, 27.
In order for a credit to be the subject of a manual gift, delivery of the credit must carry an indefeasible title. Where something else besides a mere hand to hand delivery is required to cause title to pass, it remains subject to further control, and the transfer is not complete. Succession of Sinnott v. Hibernia National Bank, 1901, 105 La. 705, 30 So. 233.[3]
Counsel contends the subject bonds which are credits of the United States are incorporeal in their nature.
An examination of our jurisprudence discloses bonds have been held the subject of a manual gift in Succession of Moore, 1888, 40 La.Ann. 531, 4 So. 460, and the Succession of Sanders, 1930, 171 La. 569, 131 So. 674. In the Succession of *367 Land, 1947, 212 La. 103, 31 So.2d 609, the court denied there was a manual gift.
Proof of Mrs. McCrocklin’s intention to make the donation rests entirely upon the testimony of Jack McCrocklin, and the record discloses no good reason for rejecting his testimony. Undoubtedly, he enjoyed the confidence of his mother inasmuch as he attended to her business affairs. The donation was against his personal interest since his share in his mother’s estate would be diminished thereby. Mr. Calvert and some, if not all, of the members of the McCrocklin family knew of the delivery of the bonds several months prior to the death of the donor, and we find no evidence of a denial by Mrs. McCrocklin.
In the Succession of Zacharie, 1907, 119 La. 150, 43 So. 988 a sister of the decedent, acting as his agent for the sale of certain real estate, perfected the sale and then deposited the proceeds in the joint bank account of herself and her sister. The only testimony demonstrating that the decedent had intended such funds as a gift for his sisters was the unimpeached testimony of the purported donees, which, along with the fact of the donor’s acquiescence, was considered sufficient by the court.
It is further contended effective delivery was not made by the donor. The element of real delivery required by Article 1539 has been fully complied with in the instant case, although in fact there was not an actual handing from donor to donee. In Ory Bros. v. Muller, 1930, 14 La.App. 35, 128 So. 903, an identical situation was presented and delivery through a third party’s hands was deemed sufficient. A similar result was reached in Succession of Moran v. Moran, 1st Cir., 1946, 25 So.2d 302, and also in the early Supreme Court case of Succession of Zacharie, supra.
As pointed out above the Supreme Court on at least three occasions has considered the question of bonds becoming the subject of a manual gift. In two of the decisions a manual gift was recognized and in the other it was denied. The court stated in the Succession of Moore, supra [40 La. Ann. 531, 4 So. 465] :
“It has been contended that the donations are null because not made in the proper form; that is, by notarial act, under article 1538, Rev.Civil Code. The bonds, payable to bearer, were corporeal movable effects, which could pass, without indorsement or assignment, by simple delivery, and may be considered as proper objects of a manual gift, which is not subject to any formality. Rev.Civil Code, art. 1539; V. Laurent, Vol. 12, pp. 351, 352, Nos. 280, 281.”
The decision in the Moore case was followed in the Succession of Sanders, supra [171 La. 569, 131 So. 677], where in holding there was a bona fide manual gift of the bonds, the court noted that proof of the intent of the donor to give and the delivery of the bonds depended upon the personal integrity of the donee, Miss Weathers. The following comment appears in the opinion:
“ ‘The circumstance that Miss Weathers thereafter left the bonds in the box of decedent, though, perhaps not usual and ordinary, is explained to the satisfaction of the court; nor is it affirmatively made to appear that the gift was made in anticipation of death, or for the purpose of relieving the recipient thereof of liability to an inheritance charge.’ ”
Strange to say, the decision in the Succession of Sanders escaped the attention of the Supreme Court when in the Succession of Land, supra, consideration was given to the bonds which Mrs. Triplett claimed were a manual gift from Mrs. Land. The bonds were contained in an envelope on which, in the handwriting of Mrs. Land, there was a declaration that the bonds were the property of Mrs. Trip-lett. We interpret the Land decision as being predicated on the absence of proof of delivery as required under LSA-Civil Code art. 1539. Surely, we believe, it was not the intention of the court to overrule *368 its many decisions to the effect that bonds, checks and other credit instruments may be objects of manual gifts under LSA-Ci vil Code art. 1539.
Our attention was also directed to a recent decision of the court, Succession of Bendel, 116 So.2d 84, 85. We do not think the case is apposite for therein the court plainly stated:
“The question involved is the applicability of the statute (LSA-R.S. 47:2401 et seq.) to certain United States Savings Bonds of the value of $56,993.40 at the time of his death, purchased by the decedent in the name of, and made payable to, his wife.”
It is true that in the opinion is the comment that “currency in its various forms — bank deposits, bills and notes, and stocks and bonds — is included in the effects which may be the subject of a manual gift.” We are sure this expression was obiter dictum.
Counsel for Ginger Johnson earnestly argue attorney’s fees should be assessed as damages for the dissolution of the writ of sequestration. We do not agree. The status of the bonds presented a question that required full explanation and was properly raised. The ensuing writ was conservative in its nature and purpose, and, under the circumstances we feel damages should not be awarded.
For the foregoing reasons it is ordered that the judgment from which appealed be annulled, reversed and set aside insofar as it decrees the six $1,000 United States Treasury 2bonds are the property of the Succession of Mrs. Delia S. McCrock-lin, and it is now ordered that said bonds be and the same are hereby recognized as being the property of Virginia Johnson. It is further ordered that the writ of sequestration be recalled and dissolved. In all other respects the judgment is affirmed. It is further ordered that the costs of these proceedings be paid out of the funds of the Succession.

. LSA-C.C. arts. 1536 and 1538 provide:
Art. 1536. “An act shall be passed before a notary public and two witnesses *366 of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.”
Art. 1538. “A donation inter vivos, even of movable effects, will not be valid, unless an act be passed of the same, as it is before prescribed.
“Such an act ought to contain a detailed estimate of the effects given.”

. LSA-C.C. art. 1539 states:
“The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality.”

. In a concurring opinion in Succession of Leroy, 1925, 157 La. 1077, 103 So. 328, 331, 40 A.L.R. 503, Justice St. Paul suggested that rather than distinguish cases, such as Succession of De Pouilly, which indicate that a donation of a promissory note of another than the donor must be by notarial act, those cases should in fact be overruled, commenting:
“I think article 1536, R.C.C., applies only to such credits as are not transferable by mere delivery of title. See Laurent, vol. 12, pp. 351, 352, Nos. 280, 281. Treasury notes, bank notes, gold and silver certificates, are likewise mere promises to pay money; yet no one doubts that they are subject to manual gift under R.C.C. art. 1539. Government bonds, state bonds, municipal bonds, corporate bonds are also mere promissory notes, with interest coupons attached, and this court has. hold that these are proper objects of a manual gift without formality whatever, and by mere delivery to the donee. See Succ. of Moore, 40 La.Ann. 531, 541, 4 So. 460.”