SANDERS, Justice.
We granted certiorari in this succession proceeding to review a judgment of the Court of Appeal that six United States Treasury bearer bonds did not form a part of the succession of Mrs. Delia S. McCrocklin because of the prior manual donation of these bonds by the decedent to her granddaughter, Margaret Virginia Johnson, respondent herein.
Mrs. Delia S. McCrocklin died intestate in DeSoto Parish, Louisiana, on May 15, 1959. Jack S. McCrocklin, a son, was appointed administrator of her succession. An inventory of the property belonging to the succession was prepared and filed. Two of the heirs, Virginia McCrocklin Hewitt and Hasseltine McCrocklin West, filed a petition in which they sought to compel an amendment of the inventory so as to include the following items: (1) A 1959 Impala Chevrolet automobile; (2) Eight $1,000 United States Treasury 2(4% bonds payable to bearer; (3) A drawing account of $1,175 with the Mansfield Lumber Company. The administrator filed an answer in which he alleged that these items were not owned by the decedent at the time of her death and specifically that the bonds had been donated by the decedent to her granddaughter, Margaret Virginia (Ginger) Johnson. Petitioners then obtained a writ of sequestration for the seizure of. the bonds. Margaret Virginia Johnson and her mother, Margaret McCrocklin Johnson, moved for a dissolution of the writ of sequestration, with damages and attorney’s fees for its wrongful issuance. Margaret McCrocklin Johnson died on April 21, 1960. Trial of the motion to dissolve was separately had, and by stipulation the evidence taken was also submitted to the court for the trial on the merits.
The district court decree that six of the bonds (two having been previously sold) were the property of the succession and ordered their inclusion in an amended inventory but otherwise rejected the demands of the petition. From the decree all parties *409 appealed. In the Court of Appeal the parties pressed the issue of ownership of the, bonds only. The Court of Appeal[1] reversed the decree of the district court, recognized Margaret Virginia Johnson as the owner of the bonds, and dissolved the writ of sequestration. A writ was granted by this Court on the application of Hasseltine McCrocklin West and Virginia McCrocklin Hewitt.
The essential facts may be stated briefly: The bonds were inherited by Mrs. Delia S. McCrocklin and delivered to her son and agent, Jack S. McCrocklin, by the Commercial National Bank of Shreveport on November 26, 1958. They were brought to the First National Bank in Mansfield. Willis Evans Calvert, the president of the bank, testified that shortly thereafter Jack S. Mc-Crocklin, acting under authority from his mother, requested that the bonds be placed in a safe at the bank. They remained there until December 22, 1958. At that time Mr. McCrocklin advised Mr. Calvert that his mother desired to make a donation of the bonds to Margaret Virginia Johnson, after which the bank would hold them for the donee. The bank then issued its receipt for the bonds on a deposit slip in the names of Ginger Johnson and her mother, Margaret McCrocklin Johnson. The name of Margaret McCrocklin Johnson was included in the receipt as a matter of convenience only at the suggestion of the banker. Miss Johnson was informed of the donation by Mr. McCrocklin, and on December 27 she and her mother acknowledged in writing receipt from him of the bonds, which were left at the bank. With the consent of Miss Johnson, two of the bonds were later sold by Mr. McCrocklin in order to pay an obligation of her mother.
The position of the relators is that the bonds are incorporeal movables (or credits) and hence are not susceptible to donation inter vivos by manual delivery; that they can be donated only by notarial act in conformity to LSA-C.C. Articles 1536 and 1538 [2] In the alternative, they assert that if the bonds are corporeal movable effects no manual gift was perfected because the evidence fails to establish a donative intent and a real delivery.[3] The respondent asserts that the bonds are currency, negotiable by delivery, and that she is the owner by virtue of a manual gift.
*411 The sole issue presented is one of title to the bonds. The precise question framed by the pleadings is whether the title, or ownership, of the bonds was vested in Mrs. Delia S. McCrocldin at the time of her death or whether they were the property of the respondent, Margaret Virginia Johnson.
In former years this issue has been resolved by the application of Articles 1536 and 1539 of the Louisiana Civil Code relating to donations inter vivos. See Succession of Moore, 40 La.Ann. 531, 4 So. 460, wherein this Court sustained the manual gift of United States bearer bonds. Relying upon that decision, the Court of Appeal held that the bonds here in litigation were corporeal and that the decedent had made a valid manual donation of them under Article 1539 of the Civil Code.
Government bonds are instruments in writing reflecting the promise of a public body to pay a sum of money to the holder or bearer at a fixed or determinable future time. See 43 Am.Jur., Public Securities and Obligations, Sec. 6, pp. 274-275. It is conceded that the bonds in the instant case are negotiable.
The Louisiana "Negotiable Instruments Law was designed and adopted to establish a law uniform with that of other states relating to negotiable instruments. It regulates the transfer of such instruments arid the rights and obligations arising therefrom. The title to these bonds is therefore controlled by it. LSA-R.S. 7:1, 191; Succession of McGuire, 151 La. 514, 92 So. 40; Succession of Leroy, 157 La. 1077, 103 So. 328, 40 A.L.R. 503; State ex rel. Louisiana Sav. Bank & Trust Co. v. Board of Supervisors, 202 La. 176, 11 So.2d 521; Morgan v. United States, 113 U.S. 476, 58 S.Ct. 588, 28 L.Ed. 1044; Beutel’s Brannan Negotiable Instruments Law (Seventh Edition), pp. 210-214; Ogden, Negotiable Instruments (Fifth Edition), Secs. 303, 304, pp. 562-565; Aigler, Bills and Notes (Second Edition), p. 10; 43 Am.Jur., Public Securities and Obligations, Sec. 161, pp. 398-400; 9 Tulane Law Review 602, 607. Cf. Mullen v. E. D. Green Realty Co., La.App., 147 So. 115; LeBlanc v. Volker, La.App., 198 So. 398.
In Succession of Leroy, supra, this Court sustained the transfer of a certified check as a valid manual donation under LSA-C.C. 1539 based, however, upon its negotiation under Section 30 of the Negotiable Instruments Law (now LSA-R.S. 7:30). The following language of the Court reflects the rationale of the decision [157 La. 1077, 103 So. 329]:
“The subsequent indorsement of the check in blank by Leroy and his delivery of the same to Mahoney was a negotiation of the check, and had the legal effect of making Mahoney the holder.”
In Succession of McGuire, supra, after reference to the Civil Code provisions on *413 donations, this Court sustained the donation of a stock certificate under the provisions of the Uniform Stock Transfer Act (now LSA-R.S. 12:521-543). Therein, the Court said [151 La. 514, 92 So. 43]:
“That contention appears to us to be well founded. Section 1 of the said act provides that title to certificates of stock and to shares represented thereby can be transferred by the delivery of such a document and of the certificate of stock; and sections 6 and 7, read together, provide that such a transfer is ‘effectual’ even though the transferrer has received no consideration for same.”
Under the Negotiable Instruments Law, the bonds in the instant case are negotiated merely by delivery. LSA-R.S. 7:30 provides:
“An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery.” [4]
LSA-R.S. 7:191 defines delivery as follows:
“ ‘Delivery’ means transfer of possession, actual or constructive, from one person to another.”
The evidence discloses that Jack S. McCrocklin handled the business affairs of his mother under a power of attorney. He came into possession of the bonds as her agent after she inherited them. The evidence convinces us that he was duly authorized to make delivery of the bonds as a donation to Margaret Virginia Johnson. The bank received them and issued a receipt to the respondent and her mother. The addition of the mother’s name as a matter of convenience is not of controlling significance. Later a written receipt for the bonds was executed by them to Mr. Mc-Crocklin in his capacity as agent. Under these circumstances we conclude that there was an actual delivery.
It is clear that a negotiable instrument may be negotiated by gift as well as for value. LSA-R.S. 7:30, 191; Succession of Leroy, supra; Britton on Bills and Notes (1943), Sec. 49, pp. 192-196; 9 Tulane Law Review 602, 607. Upon delivery Margaret Virginia Johnson became the holder of the bonds. From that moment she was entitled to negotiate them or to enforce payment at maturity in her own *415 name. We conclude that she held title to the bonds at the time of her grandmother’s death. LSA-R.S. 7:30, 51, 58, 65, 191; Ogden, Negotiable Instruments, Sec. 109, p. 180; Britton on Bills and Notes, Sec. 123, pp. 523-526; Aigler, Bills and Notes, p. 389; 98 A.L.R. 296, 318-319
The relators rely upon the decision of this Court in Succession of Land, 212 La. 103, 31 So.2d 609. In that case the Court held that certain government coupon bonds had not been validly donated by the decedent. These bonds were found in decedent’s bank box enclosed in an envelope on which she had made a notation. The legal question raised was whether the donative writing pertaining to the bonds conformed to Article 1536 of the Civil Code. Although not specifically referred to, the absence of delivery was implied. Hence the case is distinguishable.
We hold that the respondent, Margaret Virginia Johnson, is the holder and owner of the bonds and that they form no part of the succession.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.
FOURNET, C. J., concurs with written reasons.
McCALEB and HAMLIN, JJ., dissent with written reasons.
HAWTHORNE, J., does not participate.

. 126 So.2d 364.

. LSA-C.C. Arts. 1536 and 1538 provide: Art. 1536. “An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.”
Art. 1538. “A donation inter vivos, even of movable effects, will not be valid, unless an act be passed of the same, as is before prescribed.
“Sueli an act ought to contain a detailed estimate of the effects given.”

. LSA-O.C. Art. 1539 states:
“The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality.”

. It was stipulated by tbe parties that the bonds “are negotiable by the simple means of manually handing the certificates themselves.” This is consonant with the law that bearer instruments are negotiated by delivery only. LSA-R.S. 7:30, 191; State v. Board of Supervisors, supra; Holmes et al. v. Falsho Realty Co., Inc., 15 La.App. 585, 132 So. 519.