CULPEPPER, Judge.
The plaintiff, Laurence J. Habetz, filed this action against Reverend Leonard C. Habetz, testamentary executor of the Succession of Mrs. Gertrude Victoria Habetz Schneider, for judgment ordering the executor to pay plaintiff the sum of $35,000 out of the succession funds. Plaintiff alleges that, shortly before her death, Mrs. Schneider made a donation inter vivos to him of that amount by the manual gift of her check, which the bank refused to pay after her death. From an adverse judgment, the plaintiff appeals.
There is a very serious factual issue as to whether the decedent actually gave plaintiff her check for $35,000. However, the trial judge did not, in his written opinion, make an express finding on this issue. We, like the court below, have concluded that even assuming the facts to be substantially as asserted by plaintiff, the gift of the check did not, as a matter of law, constitute a valid manual gift of corporeal movable effects, within the meaning of LSA-C.C. Article 1539.
For purposes of our opinion, we will assume the following facts as proved: About 4 months before her death, Mrs. Schneider handed to her nephew, the plaintiff, a check for $35,000, stating that she wanted him to have this sum as a gift because he was not named as a legatee in her will. The check is dated March 13, 1965; the drawee is the First National Bank of Crowley; it is payable to the order of Laurence J. Habetz for the sum of $35,000; the word “donation” is written in the lower left hand corner; and it is signed by Victoria Habetz Schneider, the decedent, as drawer.
No attempt was made by plaintiff to negotiate or present the check for payment or certification until after the death of Mrs. Schneider on July 16, 1965. About 10 days after her death, plaintiff endorsed the check “For Deposit” and deposited it to his account in the Louisiana Bank & Trust Company, of Crowley. On August 11, 1965 the Louisiana Bank & Trust Company returned *566 the check to plaintiff unpaid, with a notation that the drawer of the check was deceased. The evidence shows the bank actually had sufficient funds on deposit by the drawer to pay the check.
Plaintiff contends that the gift of the check was a valid donation inter vivos of the sum of $35,000 under the provisions of LSA-C.C. Article 1539 which reads as follows :
“Art. 1539. The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality.”
Defendant contends that the mere issuance and delivery of donor’s own check, pri- or to its acceptance by the drawee bank, is the gift of an incorporeal right and therefore not subject to donation inter vivos except under the form provided by LSA-C.C. Article 1536 which reads as follows:
“Art. 1536. An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.”
Applicable here are the following provisions of our Negotiable Instruments law:
LSA-R.S. 7:126:
“A bill of exchange is an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer.”
LSA-R.S. 7:127:
“A bill of itself does not operate as an assignment of the funds in the hands of the drawee available for the payment thereof, and the drawee is not liable on the bill unless and until he accepts the same.’
LSA-R.S. 7:185:
“A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this Chapter applicable to a bill of exchange payable on demand apply to a check.”
LSA-R.S. 7:189:
“A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check. Provided that no bank shall be liable for the payment of any post-dated check prior to its date unless it has certified it, or accepted it in writing. If any such check is paid in error by the bank, it may be returned to the last endorser. As amended Acts 1950, No. 143, § 1.”
Construing these statutory provisions, our jurisprudence is established that the simple issuance and delivery of the depositor’s own check to the payee does not operate as an assignment of any part of the funds of the drawer in the bank, even though the drawer has sufficient funds on deposit to cover the check. Hence, there is no privity between the holder of the check and the bank; and the holder has no cause of action against the bank for the funds. M. Feitel House Wrecking Company v. Citizens’ Bank & Trust Company of Louisiana, 159 La. 752, 106 So. 292 (1926) ; Blanchard v. Bank of Morgan City & Trust Company, La.App., 185 So. 120; Lawrence J. Kern, Inc. v. Panos, La.App., 177 So. 432; Strudwick Funeral Home v. Liberty Industrial Life Insurance Company, La.App., 176 So. 679.
Under these authorities, it is apparent that the gift of the donor’s own check is not equivalent to the gift of the money on deposit in the bank. It is merely the gift of an incorporeal right to the donee to present the check to the bank for payment. As shown by the above cited portions of our *567 Negotiable Instruments Law, the check is not even an assignment to the donee of any rights to the funds on deposit.
Counsel have not cited, nor have we found, any Louisiana case dealing with the precise issue of the donor’s own check, not presented for payment until after the donor’s death. However, several cases, in dicta, support our conclusion, although for different reasons. In reviewing these cases, it should be noted that the earlier ones were decided before our present Negotiable Instruments Law became crystallized in its present form, particularly Act 64 of 1904, Sections 127 and 189, expressly providing that a check does not operate as an assignment of funds.
In the early case, Succession of DePouilly, 22 La.Ann. 97 (1870), the donor’s own check was immediately taken to the bank and cashed before the donor’s death. The court held that a manual gift of a corporeal movable, the money itself, was accomplished before donor’s death and therefore no other formality was necessary.
In Burke v. Bishop, 27 La.Ann. 465 (1879), the check was drawn by a third party payable to the order of the donor, Hampton Elliott, and by him endorsed and given to the donee. The court held that since it was not the donor’s own check, but instead the check of another, it could be the subject of a manual gift even though the donor died before the check was cashed. The rationale of the court, which may not be appropriate under our present Negotiable Instruments Law, was that the bank is the agent of the drawer whose death terminates the agency, but here the donor was not the drawer, so the agency was not terminated.
In Stauffer v. Morgan, 39 La.Ann. 632, 2 So. 98 (1887), the court followed succession of DePouilly, supra, and held that the donor’s own check which was paid by the bank before the donor’s death was a perfected manual gift of the funds.
In Succession of Desina, 123 La. 468, 49 So. 23 (1909), the checks were drawn by a third party, endorsed by the donor and given to her husband, who received payment before the donor’s death. The court reviewed the prior jurisprudence and held that since the check was not that of the donor herself and since the check was cashed before the donor’s death, the manual gift was perfected. However, the court stated, in dicta, that the result would have been different if the check had been that of the donor and not cashed before the donor’s death. The court said:
“The decisions supra are in accord with the common-law rule, which * has been epitomized as follows:
“ ‘The general rule is that an indorsement and delivery of a check or certificate by the owner or payee thereof will constitute a valid gift of the fund represented by such check or certificate. The rule, however, in regard to the donor’s personal check or note is otherwise, and the mere delivery thereof does not constitute a perfect gift, since it is revocable at any time prior to its presentation and payment, and is ipso facto revoked by the death of the donor.’ 20 Cyc. 1205.”
In Succession of Leroy, 157 La. 1077, 103 So. 328 (1925), the donor sold his home and received a certified check for $10,000, which he endorsed in blank and gave to his nephew. The check was not presented for payment until after the donor’s death. The: court held this was a manual gift of a cor-, poreal movable for two reasons: (1) It was not the donor’s own check but instead the check of another which was endorsed and delivered to the donee and (2) the certification of the check by the bank amounted to acceptance by the drawee before the death of the donor.
In Succession of Browne, 176 So.2d 217 (La.App., 2nd Cir. 1965) the donor’s own personal check for $10,000 was cashed by the donee before the donor’s death. The court followed the jurisprudence, as set forth above, and held that the manual gift of the funds was perfected and was a valid *568 donation inter vivos under LSA-C.C. Article 1539.
From the above review of our jurisprudence, it is seen that no case holds contrary to our result, although the courts have used different reasoning. However, we prefer to use the rationale that until the check of the donor is accepted or certified[1] by the drawee bank, the only thing which has been given is an incorporeal right. This rationale is consistent both with our civil law concepts of corporeal and incorporeal property and with our Negotiable Instruments Law.
As the trial judge stated in his written opinion, the result which we have reached conforms to the majority rule in common law jurisdictions.[2] As these common law authorities point out, one of the principal objections to recognizing the gift of the donor’s own check as equivalent to the delivery of the actual funds into the donee’s hands, is that the donor may revoke the gift by stopping payment on the check. The gift of the funds does not become complete until they pass from the control of the donor to the donee, which, in most cases, is held to be when the check, during the donor’s lifetime, is either paid, certified or accepted by the drawee. For these same reasons, it can be said that there is no “real delivery” of “corporeal movables” under LSA-C.C. Article 1539, until the actual funds have passed from the control of the donor to the donee. Here they had not, because the donor could have stopped payment at any time until her death.
Underlying all of these decisions, including our own, is also the idea that where the donor’s check is not presented for payment until long after the donor’s death, there is just cause for suspicion. If the gift is proper, one would naturally expect the recipient of a large check to present it for payment immediately and not take the chance of the .donor changing his mind or the funds on deposit being depleted. However, where the check is not made known until after the donor’s death, there is just cause to suspect the donation. For, during his lifetime, the donor received no notice from the bank that the check had been paid. And, after the donor’s death, he is not available to contradict or corroborate the gift. Hence, the courts are loath to recognize the mere manual delivery of the deceased donor’s check, as being equivalent to delivery of the funds on deposit.
For the reasons assigned the judgment appealed is affirmed. All cost of this appeal are assessed against the appellant.
Affirmed.

. LSA-R.S. 7:187 provides that certification is the equivalent of acceptance.

. 24 Am.Jur. 779-781, Gifts Sections 95-99; 38 C.J.S. Gifts § 55, pp. 841-843.