383 So.2d 804 (1980)
Hobart O. PARDUE, Jr.
v.
Kenneth Paul TURNAGE (Intervention of Ronald and Celestine Lessard).
No. 13156.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
*805 Joseph E. Anzalone, Jr., Amite, Phillip T. Hager, New Orleans, for plaintiff.
Carl W. Cleveland, New Orleans, for defendant.
Robert E. Tillery, Baton Rouge, for intervenors, Ronald and Celestine Lessard.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Hobart O. Pardue, Jr., appellee, won a judgment of $3,000.00 against Kenneth Paul Turnage. At the instance of Pardue, and pursuant to a writ of fieri facias, the Sheriff of Tangipahoa Parish seized a large stuffed bear, allegedly the property of Turnage.
Asserting that the bear had been manually donated to them by Turnage, Ronald and Celestine Lessard intervened. They claimed damages for wrongful seizure and sought to enjoin sale of the bear. Following trial of the rule for a preliminary injunction, the trial court dismissed the Lessards' intervention. From that judgment, the Lessards appeal. We reverse.
The trial court's oral reasons for judgment, although not entirely clear, indicate that there were three bases for his decision, to wit:
1) that no manual donation of the bear to the Lessards had actually transpired;
2) that the donation inter vivos was an illegal divestiture by the donor of all his property;
3) that the donation was in fraud of Pardue's rights as a creditor.

I. DONATION OF THE BEAR
The statutory basis for manual donations of corporeal movables is LSA-C.C. Art. 1539, which provides:
"The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality."
Case law holds that while mere delivery of a corporeal movable is sufficient to effect a change in ownership, the burden of proving that a donation was made rests on the donee, who, by "strong and convincing proof," must establish both that the donor intended to donate and that delivery actually took place. Hayes v. Dompe, 331 So.2d 874 (La.App. 2d Cir. 1976); Succession of Broussard, 306 So.2d 399 (La.App. 3rd Cir. 1975); Succession of McCrocklin, 126 So.2d 364 (La.App. 2d Cir. 1960), affirmed 242 La. 404, 137 So.2d 274 (1961); Succession of Gorman, 209 La. 1092, 26 So.2d 150 (1946).
Any admissible evidence may be used to prove a manual donation, LSA-C.C. Art. 2277; Campo v. Campo, 376 So.2d 519 (La.App. 4th Cir. 1979), and outward acts by the alleged donor, together with the relationship of the parties, is of weighty import. Succession of Brewster, 259 So.2d 388 (La. App. 2d Cir. 1972); Oulliber v. Oulliber, 204 So.2d 625 (La.App. 4th Cir. 1967); Lamkin v. Hanna, 135 So.2d 659 (La.App. 2d Cir. 1961).
At trial, no less than six witnesses testified that Kenneth Turnage had, or they heard he had, given the bear to the Lessards. Their testimony stands uncontradicted. One witness, Raymond Wood, testified that it was his impression that Kenneth Turnage, and not the Lessards, owned the bear.
While the Lessards testified that they would give the bear back to Turnage if he requested it, such an assertion in no way derogates from Turnage's initial donation.
Celestine and Ronald Lessard, the sister and brother-in-law of Kenneth Turnage, might well return a gift from kinfolk on request, just as would other relatives and close friends in similar situations. Barring such a request, their ownership of the bear continues. Their dominion over the bear was evidenced by its display at the Sportsman, a sporting goods store in Ponchatoula.
*806 James Turnage, father of Kenneth Turnage, testified that "Everybody knew that bear as Kenny's bear." This testimony relates not to ownership, but to the fact that a hunter's kill is known as his, regardless of actual title.
Finally, the testimony of Ethel Leary, grandmother of Kenneth Turnage, that she expected his return, dealt not with any potential reclamation of the bear, but simply demonstrated the desire of grandparents to see their grandchildren.
An exhaustive reading of the entire record convinces this court that Kenneth Turnage did give his stuffed bear to the Lessards. For the trial court to find otherwise was manifest error.

II. DONATION OMNIUM BONORUM
LSA-C.C. Art. 1497 provides:
"The donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole."
Pardue, the appellee, never raised donation omnium bonorum as an issue. Nevertheless, the trial court ruled that such a prohibited donation had taken place. We find that Turnage did reserve property enough for subsistence. While it is true that he gave his household effects and the bear to the Lessards, these were simply things he could not conveniently take with him to Alaska. In addition to the retention of stock, Turnage possessed means for subsistence in his ability to work for a salary. Succession of Quaglino, 232 La. 870, 95 So.2d 481 (1957). There was no prohibited donation omnium bonorum.

III. DONATION IN FRAUD
Pardue never alleged that Turnage's donation of the bear was fraudulent. Nevertheless, the trial court ruled that Turnage could not give away his property in fraud of creditors.
Pardue's right to have filed a revocatory action is unchallenged. LSA-C.C. Art. 1970. However, to have been successful, Pardue would have been required to prove both injury to himself and bad faith on the part of Turnage. LSA-C.C. Art. 1978; Moran v. Johnson, 151 So. 139 (La.App.Orl. Cir.1933). In addition, revocation would not have been successful unless Turnage had not property sufficient to pay Pardue. LSA-C.C. Art. 1971.
Nothing in the record suggests that Turnage was insolvent when judgment was signed on May 22, 1978. To the contrary, testimony elicited showed that he owned hunting lodge stock and a home in Alaska.
It was, therefore, error for the trial court to rule that the donation of the bear was in fraud of Pardue's rights.
This court holds that the donation of the bear by Kenneth Turnage to the Lessards was valid and that the bear is owned by the Lessards.
For the foregoing reasons, the judgment dismissing the Lessards' intervention is annulled and reversed. The case is remanded for further proceedings not inconsistent with law and this opinion. All costs, both trial and appellate, are to be paid by Hobart O. Pardue, Jr.
REVERSED AND REMANDED.