376 So.2d 519 (1979)
Gloria CAMPO, wife of Frank J. Campo, Jr.
v.
Frank J. CAMPO, Jr.
No. 10682.
Court of Appeal of Louisiana, Fourth Circuit.
October 4, 1979.
Rehearing Denied November 19, 1979.
Writ Refused January 18, 1980.
*520 Paula A. Perrone, New Orleans, for plaintiff-appellant.
Glenn E. Diaz, Chalmette, for defendant-appellee.
Before REDMANN, LEMMON and BOUTALL, JJ.
LEMMON, Judge.
Mrs. Gloria Campo has appealed from the judgment dismissing her rule to enjoin her former husband from disposing of or encumbering a shrimp boat. The sole issue is whether the boat was community or separate property.
After having worked long hours for his father in the bait business for 12 years, Mr. Campo desired to purchase a shrimp boat and go into business for himself. Mr. and Mrs. Campo discussed obtaining a loan from her parents, but when Mr. Campo approached his father, the latter offered to donate the necessary money to build the boat.
During the period of construction Mr. Campo's father handed him in cash a total of almost $25,000.00. Mrs. Campo did some painting and made the curtains, and they bought some small items on a community charge account.
There were no documents executed at the time of the donation. At the trial (after the divorce) Mr. Campo's father testified that he donated the money to his son and not to his daughter-in-law. Mr. Campo also testified (without contradiction) that his father and his wife never got along well and that he and his wife were having serious marital problems at the time of the donation.
C.C. art. 2334 defines separate property and includes "that which either party . . acquires during the marriage . . . by donation made to him or her particularly." C.C. art. 2402 states that the community consists of "the estate which they may acquire during the marriage . . . by donations made jointly to them both . . ."
Mrs. Campo argues that property acquired during the existence of the community is presumed to be community property and that the party alleging the property is separate has the burden of proving the separate character. She contends that her former husband's assertion the donation was made to him particularly is self-serving and weak evidence and that the husband's father's corroboration, in testimony subsequent to the divorce, is suspect as being biased.
This argument would virtually require that donations to one spouse particularly must be proved by a contemporaneous writing. However, while donations generally must be made by authentic act, the manual gift of corporeal movables may be accomplished by actual delivery. C.C. arts. 1536, 1538 and 1539. Inasmuch as the Code expressly exempts the manual gift of money from the requirements of a written act, it is evident that such a donation may be proved by testimonial proof. Agreements relative to movable property above $500.00 *521 in value may be proved by one credible witness and other corroborating circumstances. C.C. art. 2277.
Here, the donor himself testified positively that he made the donation to his son particularly. Such an intent cannot be said to be so highly improbable that it must be disregarded by the trier of fact in a credibility determination.[1] Moreover, the facts of serious marital problems between the spouses and of a poor relationship between Mrs. Campo and her father-in-law provide other corroborating circumstances supporting the donor's testimony.
AFFIRMED.
NOTES
[1] Indeed, even in the absence of positive testimony by the donor, one could presume a preference for the donor's son when cash is donated by manual delivery to the son without an express intention to donate to both spouses.